In re GARVIN. (No. 7094.)

(Supreme Court, Appellate Division, First Department. May 21, 1915.)

1. ELECTIONS ⚌194—BALLOTS—IRREGULARITY—PRESENCE OF MARKS OTHER THAN CROSS—STATUTE.

Election Law (Consol. Laws, c. 17) § 82, as added by Laws 1911, c. 891, and as amended by Laws 1913, c. 820, declares that a "cross X mark" shall be the proper method of indicating a choice, and that it shall be unlawful to make any other mark on the ballot for the purpose of voting, etc., while section 86 further provides that a ballot is void on which there shall be found any mark other than a "cross X mark" made for the purposes of voting, etc. Held, that ballots where slight pencil dots appeared adjacent to the voting cross, evidently made by the voter resting his pencil on the paper before and after making the cross, were valid.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⚌194.]

2. ELECTIONS ⚌194—BALLOTS—IRREGULAR CROSSES.

Ballots containing irregular crosses were valid, under the definition of the statute that any straight line crossing any other straight line at any angle within a voting space should be deemed a valid voting mark, and that no ballot should be declared void because a cross mark thereon is irregular in character.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⚌194.]

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. ELECTIONS ⊜⟳194—BALLOTS—IRREGULARITY—MARKS OTHER THAN CROSS
—STATUTE.
   Ballots disclosing that the voter first put in the voting square the number printed on the ballot opposite the name of the candidate for whom he intended to vote, and then, discovering his mistake, superimposed a cross thereon in the voting space, were void.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊜⟳194.]

4. ELECTIONS ⊜⟳194—BALLOTS—IRREGULARITY—HALF CROSSES—STATUTE.
   Ballots with half cross marks thereon were void.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊜⟳194.]

5. ELECTIONS ⊜⟳194—BALLOTS—IRREGULARITY—ERASURES AND EXCESSIVE CROSSES—STATUTE.
   Ballots with excessive crosses in the voting space opposite blank spaces for the names of candidates, and also with erasures, were void.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊜⟳194.]

6. ELECTIONS ⊜⟳194—BALLOTS—IRREGULARITY—WRITING IN LAST NAME OF OTHER CANDIDATE.
   A ballot upon which a last name not printed on such ballot was written in under the title of Governor, with a cross mark in the voting space, was not totally void, whether or not the vote for such individual was valid.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊜⟳194.]

Appeal from Special Term, Bronx County.

Application of Michael J. Garvin to examine void and protested ballots. From an order entered upon the decision of the Special Term, an appeal was taken. Modified and affirmed.

See, also, 152 N. Y. Supp. 1112.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Robert S. Mullen, of New York City, for appellant Kane.

Edgar Hirschberg, of New York City (Wm. Cohn, of New York City, on the brief), for respondent.

CLARKE, J. The controversy which this proceeding was instituted to determine was whether Michael J. Garvin or Patrick J. Kane had been duly elected to the position of state committeeman of the Democratic party from the Thirty-Third assembly district at the primary election held in and for the county of Bronx on the 28th day of September, 1914. The court found that at such election there was cast for said candidates the following number of votes as to which there was no dispute or question.

Michael J. Garvin..................................................... 1,277
Patrick J. Kane...................................................... 1,266.

After examining the disputed ballots, he rejected a large number as void and not to be counted for either candidate, and found 33 which were good and valid and should be added to the number allowed as aforesaid to Garvin, making a total of 1,309, and 40 which should be added to the amount as aforesaid allowed to Kane, making a total of

1,305, and thereupon made an order directing the board of elections to correct the returns as indicated and that the said Garvin was entitled to receive a certificate of election to said office.

This court has re-examined all of the disputed ballots submitted to the Special Term and enumerated in the decision. Section 82 of the Election Law, as amended by chapter 820 of the Laws of 1913, provides:

"Preparation of Ballot by Voters. The voter, on retiring to the voting booth, shall prepare his ballot in the following manner: He shall make a cross X mark in the voting square at the left of. the name of each candidate for whom he desires to vote. A cross X mark is any straight line crossing any other straight line at any angle within the voting space and no ballot shall be declared void because a cross X mark thereon is irregular in character. It shall not be lawful to make any mark on the ballot other than a cross X mark for the purpose of voting, and such mark shall be made only with a pencil having black lead, and only in the voting space to the left of the name of a candidate; except that the voter may write with a pencil having black lead in the blank space under the title of the proper office or party position the name of any person or persons for whom he desires to vote, whose name or names are not printed upon the ballot; not exceeding with the candidates for whom he has voted by cross X mark the total number of persons by whom such office or position is to be filled. It shall not be lawful to deface or tear a ballot in any manner, nor to erase any printed name, device, figure, word or letter therefrom, nor to erase any mark made thereon by such voter nor inclose in the folded ballot any other paper or any article. If the voter deface or tear a ballot, or wrongly mark the same or make an erasure thereon, he may obtain one additional ballot on returning to the ballot clerk the one so defaced or wrongly marked."

### Section 86 thereof provides:

"Intent of Voters. If the voter marks more names than there are persons to be nominated for an office or elected to a party position, or if for any other reason it is impossible to determine the voter's choice of a candidate for a party position or for nomination for an office, his vote shall not be counted therefor but shall be returned as a blank vote for such nomination or party position. A void ballot is a ballot upon which there shall be found any mark other than a cross X mark made for the purpose of voting, which voting mark must be made with- a pencil having black lead, only in a voting space to the left of the name of a candidate; or one upon which anything is written other than the name or names of any person or persons not printed upon the ballot, for whom the voter desires to vote, which must be written in the blank space under the title of the proper office or party position with a pencil having black lead; or one which is defaced or torn by the voter; or one upon which there shall be found any erasure of any printed device, figure, letter or word, or of any name or mark written thereon by such voter; or in which shall be found inclosed a separate piece of paper or other material; and upon such ballot no vote for any candidate thereon shall be counted. Any straight line crossing any other straight line at any angle within a voting space shall be deemed a valid voting mark; but no ballot shall be declared void because a cross mark thereon is irregular in character."

Accepting the decision of the Special Term as to the great majority of the disputed ballots, those under consideration by this court may be grouped in several classes.

[1] First, where slight pencil dots appear adjacent to the voting cross, evidently made by the voter resting his pencil upon the paper before or after making the cross. Thirty-two ballots come within this class, of which 17 were for Garvin and 15 for Kane. It is obvious that the same rule should be applied. Of those there were declared

void by the Special Term 11 ballots for Garvin and 5 for Kane; there were declared valid for Garvin 6 and for Kane 10. There is no reasonable distinction discoverable. They should all have been declared valid or void. In my opinion they were good ballots and should have been so declared.

[2] The next class is of ballots with irregular cross marks, 21 in number, of which 12 were for Garvin and 9 for Kane, of which were declared void for Garvin 10 and for Kane 3, and declared valid for Garvin 2 and for Kane 6. The marks on all these ballots are of the same general character and should have been treated in the same way. There is no possible reason for admitting the 6 for Kane and refusing the 10 for Garvin. I think they were all valid under the definition of the statute as it now exists.

"Any straight line crossing any other straight line at any angle within a voting space shall be deemed a valid voting mark; but no ballot shall be declared void because a cross mark thereon is irregular in character"

—and the interpretation of voting marks given by the courts in the Matter of Fallon, 197 N. Y. 336, 90 N. E. 942, Matter of De Groot, 197 N. Y. 589, 91 N. E. 1112, and Judge Lambert's rulings on the marking of ballots upon the Hearst-McClellan recount, as published by John G. Saxe.

[3] In addition there is a class of ballots which at first sight appear to be irregular cross marks, and hence should be included under the last class; but careful inspection discloses that the voter in each case first put in the voting square the number printed upon the ballot opposite the name of the candidate for whom he intended to vote, and then, discovering his mistake, superimposed a cross thereon in the voting space. Of these there were 11, of which 7 were for Garvin and 4 for Kane; of which were declared void, for Garvin 7, for Kane 3; valid for Kane 1. I think these were all void, as there was on each a mark other than a cross mark made for the purpose of voting and an attempted erasure thereof by superimposing a cross mark thereon.

[4] There is another class of ballots with half cross marks thereon. Of this there are 12 in number, 7 for Garvin and 5 for Kane, of which were declared void 5 for Garvin and 3 for Kane, and valid 2 for Garvin and 2 for Kane. They should all have been declared void for having an unlawful mark thereon.

[5] There is a class of ballots with excessive crosses in the voting space opposite blank spaces for the names of candidates, and also with erasures, 7 in number, 1 for Garvin and 6 for Kane. The ballot for Garvin was declared void, and the 6 for Kane valid. They were all void, and should have been so declared.

[6] Finally there is a ballot for Garvin upon which, under the title of "Governor," is written "Sulzer" with a cross mark in the voting space. This was declared void, and improperly so. The voter had the right to write in the name of a candidate not printed on the ballot, and to vote for him by making a cross in the voting space. The fact that he did not put in the first name of the candidate, while it might make it ineffective as a vote for that candidate, did not make the whole ballot void. Therefore it should have been counted for Garvin.

The court found that there were 33 ballots submitted to him, in addition to those conceded to be good, for Garvin, which were valid. From these should be taken 2 which this court finds to be invalid, leaving 31, to which should be added 22 declared to be void, which we find to be good, making a total of 53, which should be added to 1,277, making a total of 1,330 valid votes for Garvin.

The court found that 40 ballots, in addition to those conceded to be good, for Kane, were valid. From these should be taken 9 found by us to be invalid, leaving 31, to which should be added 8 votes declared by the Special Term void, which we find good, making a total of 39 to be added to 1,266 about which there is no dispute, making a total of 1,305 votes, the result being that Garvin should have been declared elected by a majority of 25 instead of 4.

The fourth finding of fact should be modified, by adding to the disputed ballots found void and not to be counted for either candidate the following:

| | | | |
|---|---|---|---|
| 1st Election District, Exhibit | 7 | | |
| 2d " " " | 9 | | |
| 3d " " " | 11 | | |
| 10th " " " | 6 | | |
| 14th " " " | 2, 4 | | |
| 17th " " " | 5, 13 | | |
| 18th " " " | 7 | | |
| 19th " " " | 1 | | |
| 22d " " " | 5 | | |

And from said finding should be stricken out the following:

| | | | |
|---|---|---|---|
| 1st Election District, Exhibit | 2 | | |
| 2d " " " | 2, 3, 4, 6, 12, 15 | | |
| 3d " " " | 1 | | |
| 4th " " " | 3 | | |
| 8th " " " | A, 4 | | |
| 9th " " " | 1 | | |
| 10th " " " | 2, 7, 9, 10, 11, 12 | | |
| 16th " " " | 4, 5 | | |
| 17th " " " | 10, 14, 15, 22, 25 | | |
| 18th " " " | 20 | | |
| 19th " " " | 8, 12 | | |
| 20th " " " | 4 | | |
| 25th " " " | 1 | | |

The fifth finding of fact should be modified, by adding to the list of ballots declared to be good and valid, and to be counted for Michael J. Garvin, the following:

| | | | |
|---|---|---|---|
| 1st Election District, Exhibit | 2 | | |
| 2d " " " | 2, 3, 6, 12, 15 | | |
| 4th " " " | 3 | | |
| 8th " " " | 4, A | | |
| 9th " " " | 1 | | |
| 10th " " " | 10, 11 | | |
| 16th " " " | 5 | | |
| 17th " " " | 14, 15, 22, 25 | | |
| 18th " " " | 20 | | |
| 19th " " " | 8, 12 | | |
| 20th " " " | 4 | | |
| 25th " " " | 1 | | |

And there should be stricken out from said fifth finding the following:

17th Election District, Exhibit 13
19th       "         "         "      1

The sixth finding of fact should be modified, by striking out the word "thirty-three," inserting in lieu therefor "fifty-three," and the figures 1,309, and inserting in lieu thereof 1,330.

The seventh finding of fact should be modified, by adding to the list of ballots found to be good and valid, and which should be counted for Patrick J. Kane, the following:

2d  Election District, Exhibit  4
3d       "         "         "      1
10th     "         "         "      2, 7, 9, 12
16th     "         "         "      4
17th     "         "         "      10

And from said finding should be stricken out the following exhibits:

1st Election District, Exhibit  7
2d       "         "         "      9
3d       "         "         "      11
10th     "         "         "      6
14th     "         "         "      2, 4
17th     "         "         "      5
18th     "         "         "      7
22d      "         "         "      5

The eighth finding should be modified, by striking out the word "forty," and inserting in lieu thereof "thirty-nine."

The first conclusion of law should be modified, by striking out the figures 1,309, and inserting in lieu thereof 1,330, and the order appealed from should be modified accordingly; and, as modified, affirmed, with costs and disbursements to the respondent. Settle order on notice. All concur.