In the Matter of the Application of JOSEPH P. FALLON, Appellant and Respondent, for a Writ of Mandamus to the BOARD OF COUNTY CANVASSERS OF THE COUNTY OF NEW YORK.

JOHN J. DWYER, Intervenor, Respondent and Appellant.

**Election Law — construction of provisions relating to single cross X mark on ballot.**

In construing rule 9 of section 368 and rule 7 of section 358 of the Election Law (Cons. Laws, ch. 17) such a construction of the word "single" and of the provision "one straight line crossing another straight line" should be adopted that a tremulous line drawn by an infirm elector, or an irregular or curved line drawn by an elector with poor eyesight or with muscles untrained to the use of a pencil, or any single line but once crossing another single line in such a way as to substantially comply with the statute, should not be held void.

*Matter of Fallon*, 135 App. Div. 195, modified.

(Argued January 17, 1910; decided January 25, 1910.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 17, 1909, which modified and affirmed as modified an order of Special Term granting a motion for a peremptory writ of mandamus to compel the board of county canvassers of the county of New York to recanvass and recount certain ballots voted at the last general election which had been

rejected as void or objected to and laid aside by inspectors of election.

*A. S. Gilbert* and *Julius M. Mayer* for petitioner, appellant and respondent. If ballots really void under the Election Law have been treated by the inspectors of election as ballots marked for the purpose of identification and counted, the court in a mandamus proceeding under the statute subjecting the ballots to judicial investigation, must declare them to be void ballots and direct the inspectors of election to make a statement of the result of the election on that basis. (*People ex rel. White* v. *Aldermen*, 157 N. Y. 431.) The ballots in regard to which the appellant, Fallon, has appealed to this court are void because they have upon them a mark or marks other than a "single X mark." (*People ex rel. Feeny* v. *Bd. of Canvassers*, 156 N. Y. 36; *People ex rel. Obert* v. *Bourke*, 31 Misc. Rep. 461; *Matter of Thacher* v. *Lent*, 71 App. Div. 483.)

*James C. Church* and *Denis O'Leary Cohalan* for intervenor, respondent and appellant. Subdivision 9 of section 368 of the Election Law should be liberally construed. (*People ex rel. Wells* v. *Collins*, 19 App. Div. 457; *People ex rel. Nichols* v. *Canvassers*, 129 N. Y. 395; *People ex rel. Hasbrouck* v. *Supervisors*, 135 N. Y. 522; *People ex rel. Feeny* v. *Canvassers*, 156 N. Y. 36; *White* v. *Bd. of Aldermen*, 31 App. Div. 438; 157 N. Y. 431; *Matter of Hearst*, 48 Misc. Rep. 458.)

*Per Curiam.* Counsel differ as to the rule of construction that should be applied to the Election Law (Cons. Laws, ch. 17) with reference to the method of marking ballots by electors. This difference of opinion relates especially to two words appearing in the statute, to wit: 1. The word " single," as used in subdivision 9 of section 368 as follows : "A void ballot is a ballot upon which there shall be found any mark other than a single cross X mark made for the purpose of voting." 2. The word " straight " as used in rule 7 of section 358 as follows : " One

straight line crossing another straight line at any angle within a party circle, or within the voting spaces, shall be deemed a valid voting mark."

It is practically impossible for a person to make a line that is technically straight without the use of mechanical appliances. The construction of the statute so far as it requires " one straight line crossing another straight line " should be liberal. In construing the word " single " the same rule of construction should apply so far as consistent with the fact that it was used by the legislature after this court, in *People ex rel. Feeny* v. *Board of Canvassers* (156 N. Y. 36), had liberally construed the general language of the statute as it then existed relating to the cross mark and also in connection with the use of the word " one " in said rule 7 of section 358 of the present statute.

Such construction should be adopted that a tremulous line drawn by an infirm elector or an irregular or curved line drawn by an elector with poor eyesight or with muscles untrained to the use of a pencil, or any single line but once crossing another single line in such a way as to substantially comply with the statute (even if it is somewhat hooked at the end or the line has been retraced and the pencil has not been kept exactly on the line at parts removed from the point where the lines cross) should not be held void.

Counsel for the parties in open court stated that there is no claim on this appeal that the disputed ballots were marked by the voters with fraudulent intent.

Applying the rules above stated we are of the opinion that the order appealed from should be reversed as to the ballots marked Exhibits Nos. 13, 15, 16, 33, 36, 58, 67, 90, 96, 124, 134, 135, 138, 147, 149 and 160, which said ballots were declared valid by the Appellate Division and which said ballots should be declared void, and said order appealed from should be further reversed as to the ballots marked Exhibits Nos. 35, 145 and 170, which said ballots were declared void by the Appellate Division, and which said ballots should be declared valid.

In all other respects the order appealed from should be affirmed, without costs to either party.

CULLEN, Ch. J. (dissenting).   I think the Appellate Division was right in substantially all the instances in which it held a ballot valid.   The provisions of the statutes as to the character of the voting mark to be made by the elector must be construed most liberally; otherwise, the whole voting scheme provided by law would, in my opinion, be unconstitutional.   The elector must be given a reasonable opportunity to exercise the right given him by the Constitution of the state, and that opportunity must be reasonable, bearing in mind human infirmities.   It was conceded on the argument that in the case of every one of the ballots before us the intention of the voter was honest, and there was no design to mark the ballots for identification.   This concession should uphold those ballots.   The opinion of the majority of my brethren concedes that the line of the cross mark need not be straight, despite of the statutory requirement to that effect, and properly so concedes, for it would be impossible for a large proportion of the electors to make an absolutely straight line without the aid of a rule or mechanical contrivance, especially in the dim and flickering light afforded by a single candle in the voting booths of New York city.   I think the necessities of the case equally require a liberal construction of the statute in other respects; otherwise, as already said, the statute might be unconstitutional.

GRAY, EDWARD T. BARTLETT, VANN and CHASE, JJ., concur in *per curiam* opinion; HAIGHT and WILLARD BARTLETT, JJ., concur in result, being in favor of a liberal construction of the statute in all respects; CULLEN, Ch. J., reads dissenting memorandum.

Ordered accordingly.