■ In the Matter of WILLIAM H. McCLURE et al., Respondents-Appellants, v ANTONIA D'APICE et al., Constituting the Board of Elections of the County of Westchester, et al., Re-

spondents, and Rudi J. Van Leeuwen et al., Appellants-Respondents.—In a proceeding pursuant to Election Law article 16, *inter alia,* to direct the casting and canvassing of three affidavit ballots in the general election held on November 5, 1985, for the public office of Councilman, Town of North Castle, New York, for which there were two vacancies, in which Gerald K. Geist cross-petitioned, *inter alia,* to direct the casting and counting of two absentee ballots, (1) William H. McClure, Elizabeth Combs, Rudi J. Van Leeuwen and Gerald K. Geist separately appeal from so much of an order of the Supreme Court, Westchester County (Stolarik, J.), entered December 5, 1985, as directed a hearing on the petition and cross petition, (2) Van Leeuwen and Geist appeal and McClure and Combs cross-appeal from stated portions of an order of the same court (Wood, J.), entered December 17, 1985, and (3) Van Leeuwen and Geist appeal, as limited by their brief, from so much of a judgment of the same court (Wood, J.), entered December 23, 1985, as granted so much of the petition as sought the casting and canvassing of the three affidavit ballots in question; Geist appeals from so much of the same judgment as denied that portion of his cross petition which sought the casting and canvassing of a disputed absentee ballot denominated respondents' exhibit C, and McClure and Combs cross-appeal from so much of the same judgment as granted that portion of Geist's cross petition as sought the casting and canvassing of a disputed absentee ballot denominated respondents' exhibit B.

Appeals from the order entered December 5, 1985 dismissed, without costs or disbursements. No appeal lies from a portion of an order directing a hearing to aid in the disposition of an application for relief *(cf. Bagdy v Progresso Foods Corp.,* 86 AD2d 589; *Astuto v New York Univ. Med. Center,* 97 AD2d 805; *Barbarita v Shilling,* 115 AD2d 630).

Appeal and cross appeal from the order entered December 17, 1985 dismissed, without costs or disbursements *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on said appeal and cross appeal have been brought up for review and have been considered on the appeal and cross appeal from the judgment entered December 23, 1985.

Judgment modified, on the law, by (1) deleting the provision thereof which granted that branch of the petition which sought the casting and canvassing of the affidavit ballot of Rolf Lunde, and substituting therefor a provision denying that branch of the petition, and (2) deleting the provision thereof directing the casting and canvassing of the absentee ballot

denominated respondents' exhibit B and substituting therefor a provision directing the casting and canvassing of the absentee ballot denominated respondents' exhibit C. As so modified, judgment affirmed, insofar as appealed and cross-appealed from, without costs or disbursements.

Under the clear wording of Election Law § 16-106, the Supreme Court has jurisdiction to review the casting or refusal to cast of affidavit ballots by a board of elections. We have also previously held that the court has jurisdiction to determine the validity of the registration of an affidavit ballot voter (Matter of Nicolaysen v D'Apice, 100 AD2d 501, 502).

It is not disputed that voter Lunde was properly registered when he attempted to vote in the November 5, 1985 general election. However, due to a mistake made by the Board of Elections, his registration was not at the polling place. Lunde voted by affidavit ballot pursuant to Election Law § 8-302 (3) (f) (ii). He did not, however, properly complete the address portion of the affidavit, as required under that statute. Because voter Lunde did not comply with the clear mandate of the statute, his vote should not be counted.

The two other affidavit voters would have been properly registered but for mistakes by the Board of Elections. Therefore, the Supreme Court properly directed that those affidavit ballots be counted (Matter of Nicolaysen v D'Apice, supra).

The voter submitting the absentee ballot denominated respondent's exhibit C voted by circling the ballot line number next to the names of those candidates for whom he wished to vote. Because the absentee ballot was not a type required by Election Law § 7-122, this court may consider nonstandard methods of voting (see, Matter of Ladore v Mayor & Bd. of Trustees of Vil. of Port Chester, 70 AD2d 603, 604), and in a proceeding under Election Law article 16, ascertain and effectuate the intent of the voter with respect to the identity of the candidate for whom he voted (Matter of Callahan v Morrow, 40 AD2d 619). Since the intent of the voter in this case is clear, the absentee ballot denominated respondents' exhibit C should be counted.

The voter who submitted the absentee ballot denominated respondents' exhibit B voted with a pencil checkmark next to certain names, but next to the name of candidate Geist the voter placed a large ink cross-out marking. The manner in which this voter marked his ballot makes his intent unclear and we cannot determine whether he wished to cast a vote for Geist or to obliterate and revoke a mistaken vote. Therefore,

respondents' exhibit B should not be counted. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.