■ In the Matter of PHILLIP A. MARRACCINI, Respondent-Appellant, v CHARLES G. BALANCIA, Appellant-Respondent, et al., Respondents.—In a proceeding pursuant to Election Law article 16, inter alia, to contest the refusal to cast certain affidavit ballots and to review the canvass of absentee and affidavit ballots cast at a General Election held on November 5, 1991, for the public office of Supervisor/Mayor of the Town

of Harrison, Westchester County, candidate Charles G. Balancia appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered December 19, 1991, which, after a hearing, *inter alia,* directed the respondent Commissioners of the Board of Elections of Westchester County to open and canvass 11 affidavit ballots, and count and canvass 11 punch card ballots, and candidate Phillip A. Marraccini cross-appeals, as limited by his brief, from stated portions of the same judgment which, *inter alia,* in effect, declined to authorize the canvassing of 2 affidavit ballots, refused to accept 3 punch card ballots, and accepted 2 other punch card ballots.

Ordered that the judgment is modified, on the law and on the facts, by deleting the provisions thereof which (1) directed the Commissioners of the Board of Elections of Westchester County to open and canvass the affidavit ballots of Dorothea Harth, Carol Pastore, Bruce Capua, Carl Lambiasi, and Gian David Bianciardi, and (2) directed that punch card paper ballot marked Exhibit 45-K be counted and canvassed, and by adding thereto a provision directing that the affidavit ballots of Elizabeth Markham, Stephen Limbach, and Michelle Ramos be opened and canvassed; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the Commissioners of the Board of Elections of Westchester County are directed to recanvass the votes in accordance herewith.

The initial canvass by the Commissioners of the Board of Elections of Westchester County showed the appellant, Charles G. Balancia, with a 19-vote plurality over Phillip A. Marraccini. The parties agreed at the oral argument of this appeal that a voting machine canvassed as showing 96 votes for Balancia in fact shows 90 votes for Balancia. Although the attorney for Balancia did not concede that this total accurately represents the votes cast for his client on the machine, Balancia's plurality would be reduced to 13 if the vote total shown on the machine is indeed correct.

The Trial Justice, upon personally conducting a manual recount of the punch card paper ballots, determined that Balancia's plurality was to be reduced by three votes. Punch card paper ballot Exhibit 45-K, however, showed a clear distinguishing mark rather than an inadvertent mark, which rendered the ballot void *(see, Matter of Nicolaysen v D'Apice,* 100 AD2d 501, 502). It was an error to count this ballot for Balancia. The punch card paper ballot recount should thus

have reduced Balancia's plurality by four votes, so that only nine votes may separate the candidates.

The Trial Justice determined that 11 affidavit ballots were to be opened and canvassed. However, it was error to direct that the affidavit ballot of Dorothea Harth be cast, for she did not attempt to vote in the election district for her address (see, Election Law § 8-302 [3] [f] [ii]). It was also error to direct the casting of ballots of Carol Pastore, Bruce Capua, Gian David Bianciardi, and Carl Lambiasi, voters who were not registered on the date of the election (see, Election Law § 5-100), and to exclude those of Elizabeth Markham, Stephen Limbach, and Michelle Ramos, student voters whose registrations had admittedly been cancelled in error and whose domiciles remained residence halls of the State University of New York at Purchase. Consequently, there remain nine uncanvassed valid affidavit ballots and, as stated previously, only nine votes may separate the candidates. The uncanvassed ballots could conceivably alter the result of the election (cf., Matter of Bradley v D'Apice, 91 AD2d 691), and we direct the Board of Elections to recanvass the results of the election in light of this decision and order.

We have considered the remaining contentions raised by both parties and find them to be without merit. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.