[772 NYS2d 693]

In the Matter of JOSEPH MONDELLO, as Chairman of the Nassau County Republican Committee, Respondent-Appellant, and JAY JACOBS, as Chairman of the Nassau County Democratic Committee, Appellant-Respondent, v NASSAU COUNTY BOARD OF ELECTIONS, Respondent.

Second Department, January 29, 2004

## APPEARANCES OF COUNSEL

*Jaspan, Schlesinger and Hoffman LLP,* Garden City, for appellant-respondent.

*Bee, Ready, Fishbein, Hatter & Donovan, LLP,* Mineola, for respondent-appellant.

*Lorna B. Goodman, County Attorney,* Nassau, for respondent.

## OPINION OF THE COURT

GOLDSTEIN, J.

At the core of this dispute is whether Thomas J. Manzione secured more votes in the general election held on November 4, 2003, than Joseph Gioino for the sixth seat on the Council of the City of Glen Cove. One of the important issues in this case is the extent of the authority of the Supreme Court in a proceeding pursuant to Election Law § 16-106 challenging the canvassing of votes in a general election.

The duties of the election inspectors and the Board of Elections in canvassing the votes is set forth in Election Law article

9. In a proceeding pursuant to Election Law § 16-106 for judicial review of the canvassing of ballots, the Supreme Court has the authority to "direct a recanvass or the correction of an error, or the performance of any duty imposed by law" (Election Law § 16-106 [4]).

The Nassau County Board of Elections did not open the affidavit ballot designated Exhibit 67 based upon its determination that the voter was not registered to vote, and did not open the affidavit ballot designated as Exhibit IX on the ground that the voter was not registered to vote and did not sign the affidavit portion of the ballot. The Supreme Court took testimony from both voters with respect to when they last registered to vote and their qualifications for voting.

The voter who voted by affidavit ballot designated as Exhibit 67 testified that he had resided in Glen Cove for over 30 years. He acknowledged that he had not voted in approximately 30 years. He claimed that he registered to vote on or about July 16, 2003, by filling out the appropriate boxes on his application to renew his driver's license (see Election Law § 5-212). When he attempted to vote in the general election on November 4, 2003, the inspector informed him that he was not in the book of registered voters and gave him an affidavit ballot, which he completed and returned to the inspector. The Supreme Court determined that the voter had registered on July 16, 2003, and was eligible to vote and directed the Nassau County Board of Elections to canvass and count his ballot.

The voter who voted by affidavit ballot designated as Exhibit IX testified that she was a registered voter in the City of Glen Cove for approximately 11 years. She claimed that, after her marriage in May 2000 she filed a postcard with the Nassau County Board of Elections changing her name. When she attempted to vote in the general election held on November 4, 2003, the inspectors directed her to vote by affidavit ballot. The signature line on the affidavit portion of her ballot was blank. Accordingly, the Supreme Court ruled that her ballot was not to be canvassed or counted, as it was void pursuant to Election Law § 8-302 (3) (e) (ii) which requires the voter to "swear to and subscribe an affidavit stating," inter alia, that he or she is duly registered to vote and remains a qualified voter in the election district.

 In a proceeding pursuant to Election Law § 16-106 for judicial review of the canvass of votes in a general election, the Supreme Court lacks the authority to render a determination as

to whether a voter was "lawfully registered and eligible to vote" (*Matter of Corrigan v Board of Elections of Suffolk County,* 38 AD2d 825, 827 [1972], *affd* 30 NY2d 603 [1972]; *see Matter of Delgado v Sunderland,* 97 NY2d 420, 423 [2002]). Therefore, the Supreme Court was without authority to conduct a hearing as to whether those voters were lawfully registered and qualified to vote. Moreover, the Supreme Court had no authority to direct the Nassau County Board of Elections to count the affidavit ballot designated as Exhibit 67.

The "limited authority" of the courts to review the results of a general election in a proceeding pursuant to Election Law § 16-106 must find support in the express provisions of the Election Law (*Matter of Delgado v Sunderland, supra* at 423 n). For example, the courts may review the validity of challenges to absentee ballots pursuant to Election Law § 8-506 based upon nonresidency (*see* Election Law §§ 8-506, 9-209; *Matter of Delgado v Sunderland, supra* at 423 n; *Matter of Dorman v Scaringe,* 245 AD2d 949 [1997]).

Election Law § 16-106 (1) permits the petitioners, in their capacities as chairmen of party committees, to challenge the casting or canvassing or refusal to cast challenged ballots, including affidavit ballots (*see* Election Law § 16-106 [1]). Election Law § 16-106 (4) permits the court to direct the correction of an error in the canvass or direct "the performance of any duty imposed by law" upon the inspectors or canvassers.

In *Matter of Corrigan v Board of Elections of Suffolk County* (*supra* at 827), which was affirmed by the Court of Appeals, this Court ruled that in a proceeding pursuant to Election Law former § 330 (now Election Law § 16-106) involving a general election:

> "the court's only powers are (1) to determine the validity of protested, blank or void paper ballots and protested or rejected absentee ballots and to direct a recanvass or correction of any error in the canvass of such ballots . . . and (2) to review the canvass and direct a recanvass or correction of an error or performance of any required duty by the board of canvassers . . . In such proceeding, the court lacks power to go behind the returns and determine whether voters were lawfully registered and eligible to vote . . . the court's sole jurisdiction . . . is to correct errors of the board in passing upon disputed paper ballots or in making the mathematical tabulation of the votes."

On the day of the election, if a voter is denied the right to vote in a general election, the voter may seek a court order pursuant to Election Law § 16-108 (Election Law former § 331). This section authorizes the voter to challenge the determination of the Board of Elections that he or she is not properly registered and further provides that if the voter establishes that he or she was unlawfully denied the right to vote the court shall direct that the voter "be allowed to vote at his [or her] polling place" (Election Law § 16-108 [3]; *see* Election Law § 8-302 [3] [e] [i]). The voters who voted by the affidavit ballots designated as Exhibit 67 and Exhibit IX did not avail themselves of this remedy.

The ruling of this Court in *Matter of McClure v D'Apice* (116 AD2d 721, 723 [1986]) that "the court has jurisdiction to determine the validity of the registration of an affidavit ballot voter" in a proceeding pursuant to Election Law § 16-106 is contrary to the determination of this Court in *Matter of Corrigan v Board of Elections of Suffolk County* (*supra*) which was recently cited with approval by the Court of Appeals in *Matter of Delgado v Sunderland* (*supra*).

However, since the voter who voted by the affidavit ballot designated as Exhibit IX failed to sign the affidavit on her ballot, her ballot was void on its face (*see* Election Law § 8-302 [3] [e] [ii]) and the determination of the Supreme Court that her ballot should not be counted was proper.

█ The remaining challenges in dispute deal with whether the inspectors and the Nassau County Board of Elections properly performed their duties to canvass the ballots pursuant to Election Law article 9. An issue with respect to a majority of the ballots in dispute is whether the ballots were properly canvassed pursuant to Election Law § 9-112 relating to how markings on paper ballots affect the validity of those ballots. The Supreme Court determined that the absentee ballots designated as Exhibit I, II, and VI, whose validity was in dispute (*see* Election Law § 9-209 [2] [d]), were void pursuant to Election Law § 9-112 on the ground that there were "extraneous markings" on the ballots.

The Supreme Court ruled that the absentee ballot designated as Exhibit 63 was void in its entirety pursuant to Election Law § 9-112 owing to a check mark which appeared in a blank square under the office of County Court Judge. The Supreme Court further found that the absentee ballots designated as Exhibits 64 and 65 were void on the ground that the marks in the voting

squares did not constitute proper crosses or checks or did not fill in the voting square. With respect to the absentee ballot designated as Exhibit 62, the Supreme Court found that there was an overvote which rendered invalid the votes for the office in dispute.

The petitioner Joseph Mondello claimed that the absentee ballot designated 48C was invalid on the ground that the voter used a blue felt-tipped pen. The Supreme Court rejected that contention on the ground that the Election Law did not specify the type of pen which may be used.

Mondello further contended that the absentee ballot designated as Exhibit 48D was invalid on the ground that the cross in box 12B contained multiple lines which may have indicated an attempt to obliterate that vote. The Supreme Court also rejected this contention.

Election Law § 9-112 provides, in pertinent part:

> "1. The whole ballot is void if the voter . . . (d) makes any mark thereon other than a cross X mark or a check V mark in a voting square, or filling in the voting square . . . (e) writes, other than in the space provided, a name for the purpose of voting; except that an erasure or a mark other than a valid mark made in a voting square shall not make the ballot void, but shall render it blank as to the office, party position or ballot proposal in connection with which it is made. No ballot shall be declared void or partially blank because a mark thereon is irregular in form. The term 'voting square' shall include the voting space provided for a voter to make his vote for a candidate or ballot proposal.

> "2. A cross X mark or a check V mark, made by the voter, in a voting square at the left of a candidate's name, or the voter's filling in such voting square, or punching a hole in the voting square of a ballot intended to be counted by machine, shall be counted as a vote for such candidate."

In the instant case, there is no allegation that the disputed ballots were marked by the voters with fraudulent intent. Under these circumstances, these provisions should be interpreted liberally (see Matter of Fallon, 197 NY 336, 338 [1910]).

Crooked or retraced lines or other voting marks which are irregular in form are not grounds for invalidating a ballot in

whole or in part (see Election Law § 9-112 [1]; *Matter of Fallon, supra*). Further, Election Law § 9-112 (2) explicitly states that the filling in of a voting square shall be counted as a valid vote. " '[A]n indistinguishable scribble' rather than 'a cross X mark or a check V mark' " satisfies the requirements of the Election Law and shall not render the ballot void in whole or in part (*Matter of Carola v Saratoga County Bd. of Elections,* 180 AD2d 962, 965 [1992]).

In view of the foregoing, the absentee ballots designated as Exhibits 64 and 65 were valid, and the ruling of the Supreme Court to the contrary is set aside. The Supreme Court properly ruled that the multiple lines in the crosses on the absentee ballot designated Exhibit 48D did not render that ballot invalid.

Election Law § 9-112 (1) states that the term voting square "shall include the voting space provided for a voter to mark his vote" but does not limit the definition to the small box in the corner of the square containing the candidate's name. A check or cross mark placed in the larger square containing a candidate's name does not invalidate the vote for the candidate (see *Matter of Morphy v Wade,* 208 AD2d 1039, 1040 [1994], *affd* 84 NY2d 900 [1994]; *Matter of Weinberger v Jackson,* 28 AD2d 559 [1967], *affd* 19 NY2d 995 [1967]).

The absentee ballot designated as Exhibit 63 contains extra check marks in squares containing the names of candidates for Justice of the Supreme Court. The vote for that office was ruled void by the Nassau County Board of Elections, apparently due to an overvote. That determination is not before this Court. The ballot also contains a check mark in a blank square amongst the squares containing the names of the candidates for County Court Judge. This check mark rendered the ballot blank with respect to that office, namely County Court Judge, but not as to the entire ballot (see *Matter of Nicolaysen v D'Apice,* 100 AD2d 501, 502 [1984]; *Matter of Quinn v Tutunjian,* 98 AD2d 938, 940 [1983], *affd* 61 NY2d 730 [1984]; see also *Matter of Flanagan,* 246 App Div 177, 178 [1936]). The determination of the Supreme Court that the ballot designated as Exhibit 63 was invalid in its entirety is therefore set aside.

The law is well settled that inadvertent marks on a ballot do not render the ballot void in whole or in part (see *Matter of Franke v McNab,* 73 AD2d 679 [1979]; *Matter of Moritt v Cohen,* 255 App Div 804 [1938]). The marks on the absentee ballot designated as Exhibit I appear to be inadvertent. Accordingly, we reverse the determination of the Supreme Court that that ballot was void.

However, the Supreme Court properly held that the absentee ballot designated as Exhibit 62 was void as to the contested office on the ground that there was an overvote for members of the Council of the City of Glen Cove. The marks in the voting square for one of the candidates for that office cannot be deemed inadvertent (*see Matter of Carola v Saratoga County Bd. of Elections, supra*).

Moreover, the Supreme Court properly ruled that the absentee ballots designated as Exhibits II and VI were invalid, since the challenged marks on those ballots constitute written words (*see Matter of Scanlon v Savago,* 160 AD2d 1162, 1162-1163 [1990]). Markings which are identifiable as written words could distinguish the ballot from others cast and consequently mark the ballot for identification (*see Matter of Moritt v Cohen, supra*). Where, as here, "there were written words deliberately placed on the ballot by the voter" the entire ballot is void (*Matter of Scanlon v Savago, supra* at 1163; *see Matter of Franke v McNab, supra; Matter of Moritt v Cohen, supra*).

The Supreme Court properly rejected Mondello's challenge to the ballot designated as Exhibit 48C based upon the voter's use of a blue felt-tipped pen since the use of such a writing instrument did not violate any provision of the Election Law (*see Matter of Carola v Saratoga County Bd. of Elections, supra* at 965).

With respect to both Exhibits 48C and 48D Mondello contended that the ballots were void on the ground that the signature on the envelope containing the absentee ballots did not match the signature on the absentee ballot applications. The Supreme Court rejected this contention.

Before canvassing an absentee ballot, the absentee ballot envelope must be examined by inspectors who shall "compare the signature, if any, on each envelope with the signature, if any, on the registration poll record, the computer generated list of registered voters or the list of special presidential voters, of the person of the same name who registered from the same address" (Election Law § 9-104 [1] [d]; *see* Election Law § 9-104 [1] [a]). The challenge in issue was not whether the signature on the envelope matched the signature in the registration poll record but rather whether the signature on the envelope matched the signature on the application for an absentee ballot. There is no provision in the Election Law which requires the inspectors to compare the signature on the envelope containing the absentee ballot to the signature on the application for the absentee ballot. Rather, it appears that the question of whether

the application is proper should be considered by the Board of Elections "[u]pon receipt" of the application (Election Law § 8-402 [1]) and resolved before the absentee ballot is delivered to the voter (see Election Law § 8-402 [5]). Accordingly, the Supreme Court properly rejected this challenge.

In view of the foregoing, the amended final order is modified, on the law and the facts, by (1) deleting the provision thereof directing the Nassau County Board of Elections not to canvass and count the absentee ballot designated by the Supreme Court as Exhibit I, and substituting therefor a provision directing the Nassau County Board of Elections to canvass and count the absentee ballot designated as Exhibit I, (2) deleting the provision thereof directing the Nassau County Board of Elections to deduct the votes contained in the absentee ballots designated by the Supreme Court as Exhibits 63, 64, and 65, and substituting therefor a provision directing the Nassau County Board of Elections to canvass and count the absentee ballots designated as Exhibits 63, 64, and 65, and (3) deleting the provision thereof directing the Nassau County Board of Elections to canvass and count the affidavit ballot designated as Exhibit 67, and substituting therefor a provision dismissing the petitioner Joseph Mondello's claim that the ballot designated as Exhibit 67 should be canvassed and counted; as so modified, the amended final order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements. The appeal from the decision dated December 4, 2003, is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]).

KRAUSMAN, J.P., H. MILLER and CRANE, JJ., concur.

Ordered that the appeal from the decision dated December 4, 2003, is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the amended final order is modified, on the law and the facts, by (1) deleting the provision thereof directing the Nassau County Board of Elections not to canvass and count the absentee ballot designated by the Supreme Court as Exhibit I, and substituting therefor a provision directing the Nassau County Board of Elections to canvass and count the absentee ballot designated as Exhibit I, (2) deleting the provision thereof directing the Nassau County Board of Elections to deduct the votes contained in the absentee ballots designated by the Supreme Court as Exhibits 63, 64, and 65, and substituting

therefor a provision directing the Nassau County Board of Elections to canvass and count the absentee ballots designated as Exhibits 63, 64, and 65, and (3) deleting the provision thereof directing the Nassau County Board of Elections to canvass and count the affidavit ballot designated as Exhibit 67, and substituting therefor a provision dismissing the petitioner Joseph Mondello's claim that that affidavit ballot should be canvassed and counted; as so modified, the amended final order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.