OPINION OF THE COURT
Thomas P. Phelan, J.
By order to show cause dated January 12, 2007 (McCormack, J.), petitioners Jay S. Jacobs, as chairman of the Nassau County Democratic Committee, and Craig M. Johnson, as a candidate for the office of senator for the New York State 7th Senatorial District, bring this special proceeding pursuant to Election Law § 16-106 in advance of the special election scheduled to be held on February 6, 2007 for the office of senator for the New York State 7th Senatorial District to establish various procedures in furtherance of the safeguarding and canvassing of ballots cast in that election.
Most of the relief sought has been amicably resolved by the parties as part of the proceeding held on the record in open court before the undersigned on January 19, 2007. Such relief is embodied in the proposed order drafted by petitioners’ counsel and modified by the undersigned prior to execution.
The two remaining issues to be addressed by this proceeding at this time involve petitioners’ application to compel respondents William Biamonte and John DeGrace, Commissioners, constituting the Nassau County Board of Elections, to provide petitioners and respondent Maureen C. O’Connell with copies of all absentee ballot applications and afford petitioners and respondent O’Connell an opportunity to interpose and preserve objections prior to February 6, 2007.
For the reasons which follow, petitioners’ request is denied.
Courts have “limited authority” in proceedings, such as this one, brought pursuant to Election Law § 16-106; relief “must find support in the express provisions of the Election Law” (Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d 18, 21 [2004] [citations omitted]).
Any person qualified pursuant to Election Law § 5-102 may obtain an application for an absentee ballot “at any time until the day before [an] election” (Election Law § 8-400 [2] [a]). An application for an absentee ballot must utilize the prescribed form (Election Law § 8-400 [2]) and must be either delivered to the Board of Elections no later than the day before the election or *225 mailed no later than the seventh day before the election (Election Law § 8-400 [2] [c]).
The Board of Elections shall mail both an application for an absentee ballot and the absentee ballot itself only upon request of a qualified voter by signed letter received “not earlier than the thirtieth day nor later than the seventh day before the election” (Election Law § 8-400 [2] [d]).
Section 8-402 governs action on the application itself and provides in relevant part at section 8-402 (1):
“Upon receipt of an application for an absentee ballot the board of elections shall forthwith determine upon such inquiry as it deems proper whether the applicant is qualified to vote and to receive an absentee ballot, and if it finds the applicant is not so qualified it shall reject the application after investigation as hereinafter provided.”
The permitted investigation may be ordered “whenever [the Board of Elections] is not satisfied from an examination of an application for an absentee ballot that the applicant is entitled to such a ballot” (Election Law § 8-402 [2]).
Any investigation is to be completed to permit the applicant enough time to receive and return the absentee ballot itself should the application be granted (Election Law § 8-402 [4]).
If the investigation cannot be completed in time, but the voter is duly registered, an absentee ballot shall be sent out to allow for the ballot’s timely return (id.).
When an application for an absentee ballot is denied, the board “shall immediately notify the applicant, giving him the reason for such rejection” (Election Law § 8-402 [5]).
Pursuant to Election Law § 8-402 (7)
“[t]he board shall keep a record of applications for absentee ballots as they are received, showing the names and residences of the applicants . . . and, as soon as practicable shall, when requested, give to the chairman of each political party . . . [and] make available for inspection to any other qualified voter upon request, a complete list of all applicants to whom absentee voters’ ballots have been delivered or mailed, containing their names and places of residence as they appear on the registration record, including the election district and ward, if any, and in . . . the county of Nassau [and] the assembly district . . . .”
*226 Petitioners do not cite and this court’s review of the Election Law does not reveal any authority upon which this court may compel disclosure to petitioners of all applications for absentee ballots. To the contrary, Election Law § 8-402 is both specific and limiting in that petitioner Jacobs is entitled only to a listing of the names of all applicants receiving absentee ballots with their addresses, assembly districts and election districts. Petitioner Johnson is merely entitled to have that list made available to him for inspection.
Petitioners’ contention that documents filed with the Board of Elections, such as absentee ballot applications, are public records and subject to disclosure pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) misses the mark. This is not a Freedom of Information Law proceeding. Even if it were, not all records filed with governmental entities are subject to disclosure under FOIL (see, generally, Public Officers Law § 87 [2] [b]).
Petitioners further seek the opportunity prior to the election to participate in the review of applications and to voice their challenges to any determination as to an applicant’s eligibility to receive and submit an absentee'ballot.
Election Law § 16-106 specifically permits a preelection challenge of this limited sort within 20 days of various triggers identified at subdivision (5).
It is as an outgrowth of the obligation of the Board of Elections to determine whether or not to provide an absentee ballot upon receipt of an application (Election Law § 8-402 [1]) and the entitlement of party chairs and voters to at least review a list of all those receiving absentee ballots (Election Law § 8-402 [7]) that the provisions of Election Law § 16-106 must be considered.
As provided at subdivision (1) of this section,
“The casting or canvassing or refusal to cast... or canvass absentee . . . ballots . . . and the original applications for a[n] . . . absentee voter’s ballot may be contested in a proceeding instituted in the supreme . . . court, by any candidate or the chairman of any party committee and by any voter with respect to the refusal to cast such voter’s ballot, against the board of canvassers of the returns from such district, if any, and otherwise against the board of inspectors of election of such district.” (Emphasis added.)
*227 Pursuant to subdivision (5),
“[a] proceeding under subdivision[ ] one ... of this section must be instituted within twenty days . . . after the election or alleged erroneous statement or determination was made, or the time when the board shall have acted in the particulars as to which it is claimed to have failed to perform its duty ” (emphasis added).
Thus, while the degree of any challenge by a party chair or candidate may as a practical matter be limited by the lack of access to the applications themselves and the lack of identification of those applicants denied a ballot, a procedural mechanism for preelection challenges does exist.
Nevertheless, by this proceeding petitioners make no specific challenges and, it appears, have yet to meaningfully review the list to which they are entitled of those qualified voters found eligible to vote by absentee ballot and to whom such ballots have been sent.
In any event, an alternative method exists for raising and preserving the parties’ right to challenge eligibility to vote by absentee ballot which method is already covered by petitioners’ proposed consent order, provided adequate objection is made following the special election itself.
The procedure for challenging eligibility to vote by absentee ballot postelection is specifically addressed by Election Law § 8-506 (1). This section provides in relevant part that
“[djuring the examination of absentee . . . ballot envelopes, any inspector and any watcher or registered voter properly in the polling place, may challenge the casting of any ballot upon the ground or grounds allowed for challenges generally, or that the voter was not entitled to cast an absentee . . . ballot” (see also, Election Law § 8-500).
Insofar as ballots may not all be cast and canvassed at the polling place, Election Law § 9-209 provides for a meeting of poll clerks designated to cast and canvass such ballots.
Any person lawfully at this meeting may similarly object to the casting or canvassing of a ballot or the refusal to cast or canvass a ballot on grounds of voter qualification or entitlement to vote (Election Law § 9-209 [2] [d]). Those who may be lawfully present include “watchers” appointed by candidates and their political parties (Election Law § 9-209 [1] [c]).
Insofar as consented to by respondents, the proposed order submitted by petitioners specifically includes provision for *228 canvassing of absentee ballots in accordance with Election Law § 9-209 to the exclusion of the provisions of Election Law § 8-506. Petitioners will therefore have ample opportunity to object and need no additional relief in this regard.
The court has accordingly modified the proposed order prepared and submitted by petitioners to delete all relief contained therein not otherwise agreed to by respondents. Said proposed order has been signed simultaneously herewith, pursuant to which this matter is adjourned to the calendar of this court on February 8, 2007.