(February 14, 2011)

■ In the Matter of FRANK K. SKARTADOS, Appellant, v ORANGE COUNTY BOARD OF ELECTIONS et al., Respondents, and THOMAS J. KIRWAN, Respondent-Respondent. (Proceeding No. 1.) In the Matter of THOMAS J. KIRWAN, Respondent, v DUTCHESS COUNTY BOARD OF ELECTIONS et al., Respondents, and FRANK K. SKARTADOS, Appellant. (Proceeding No. 2.) [920 NYS2d 360]—

In two related proceedings pursuant to Election Law article 16, inter alia, to preserve for judicial review certain ballots cast in a general election for the public office of Member of the Assembly, 100th Assembly District, held on November 2, 2010, and to contest the refusal to cast and canvass certain ballots, Frank K. Skartados appeals, as limited by his brief, from (1) stated portions of a final order of the Supreme Court, Orange County (Alfieri, J.), dated December 29, 2010, which, inter alia, denied those branches of his petition which were to direct the casting and canvassing of certain identified ballots, (2) stated portions of a supplemental final order of the same court dated January 11, 2011, which, inter alia, denied those branches of

his petition which were to direct the casting and canvassing of certain other identified ballots, and (3) stated portions of a second supplemental final order of the same court dated February 7, 2011, which, inter alia, denied those branches of his petition which were to direct the casting and canvassing of certain other identified ballots.

Ordered that the final order, supplemental final order, and second supplemental final order are affirmed insofar as appealed from, without costs or disbursements.

The appellant contends that certain rulings made by the Supreme Court with respect to specified challenged ballots were erroneous. Election Law § 16-106 (1) provides courts with authority to review "[a] board's decision to canvass or refuse to canvass a particular ballot during the canvass" (*Matter of Gross v Albany County Bd. of Elections*, 3 NY3d 251, 257 [2004]; *see Matter of Johnson v Martins*, 79 AD3d 913, 919-920 [2010]). "In a proceeding pursuant to Election Law § 16-106 for judicial review of the canvass of votes in a general election, the Supreme Court lacks the authority to render a determination as to whether a voter was 'lawfully registered and eligible to vote' " (*Matter of Mondello v Nassau County Bd. of Elections*, 6 AD3d 18, 20-21 [2004], quoting *Matter of Corrigan v Board of Elections of Suffolk County*, 38 AD2d 825, 827 [1972]; *see Matter of Delgado v Sunderland*, 97 NY2d 420, 423 [2002]). Rather, under that section, a court is only granted the power "(1) to determine the validity of protested . . . paper ballots and protested or rejected absentee ballots and to direct a recanvass or correction of any error in the canvass of such ballots, and (2) to review the canvass and direct a recanvass or correction of an error or performance of any required duty by the board of canvassers" (*Matter of Corrigan v Board of Elections of Suffolk County*, 38 AD2d at 827 [citations omitted]; *see Matter of Delgado v Sunderland*, 97 NY2d at 423).

Here, the appellant contends that the Supreme Court's determination not to cast and canvass 40 affidavit ballots was error. The appellant also argues that the Supreme Court improperly determined that six special ballots submitted by the voters pursuant to Election Law § 11-302 should not be cast and canvassed. However, contrary to the appellant's contentions, the Supreme Court's determinations were proper, since the record established that these ballots were invalid as a result of the failure on the part of the individual voters to accurately complete them. Accordingly, the appellant failed to demonstrate, as alleged, that "ministerial error by the board of elections or any of its employees caused such ballot envelope[s] not to be valid on [their]

face" (Election Law § 16-106 [1]; *see Matter of Gross v Albany County Bd. of Elections*, 3 NY3d at 259 n 3; *Matter of Johnson v Martins*, 79 AD3d 913 [2010]; *cf. Matter of Panio v Sunderland*, 4 NY3d 123, 128-129 [2005]; *Matter of Mondello v Nassau County Bd. of Elections*, 6 AD3d at 22; *Matter of Marraccini v Balancia*, 182 AD2d 628, 629-630 [1992]; *Matter of McClure v D'Apice*, 116 AD2d 721, 723 [1986]).

The appellant's remaining contention is without merit. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.