Matter of Ruggiero v Orange County Bd. of Elections

2026 NY Slip Op 02917

May 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Paul I. Ruggiero, etc., petitioner- respondent-appellant,

v

Orange County Board of Elections, et al., respondents-respondents, Mary Lou Carolan, etc., respondent-appellant-respondent, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 11, 2026

2026-03316, (Index No. 12694/25)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Janice A. Taylor

Lisa S. Ottley, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law article 16, inter alia, to contest the casting and canvassing of certain ballots tendered in a general election held on November 4, 2025, for the public office of Member of the Town Council of the Town of Newburgh, Mary Lou Carolan appeals, and Paul I. Ruggiero cross-appeals, from an order of the Supreme Court, Orange County (Sherri L. Eisenpress, J.), dated March 3, 2026. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the motion of Mary Lou Carolan which was pursuant to CPLR 3211(a) to dismiss the petition, granted those branches of the petition which were to invalidate ballots 1, 18, 19, and 27, and denied so much of the purported cross-claim of Mary Lou Carolan as sought to validate ballot 6. The order, insofar as cross-appealed from, granted so much of the purported cross-claim of Mary Lou Carolan as sought to validate ballot 9 and, sua sponte, determined that ballot 20 was valid and ballot 31 was invalid.

ORDERED that on the Court's own motion, the notice of cross-appeal from so much of the order as, sua sponte, determined that ballot 20 was valid and ballot 31 was invalid is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,

ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting those branches of the petition which were to invalidate ballots 1, 18, and 27, and substituting therefor a provision denying those branches of the petition, and (2) by deleting the provisions thereof granting so much of the purported cross-claim of Mary Lou Carolan as sought to validate ballot 9 and, sua sponte, determining that ballot 20 was valid and ballot 31 was invalid; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On November 4, 2025, a general election was held for two vacancies for the public office of Member of the Town Council of the Town of Newburgh, which was contested by four candidates: Paul I. Ruggiero, Jim Politi, Mary L. McLymore, and Mary Lou Carolan. Following a post-election canvass, the margin between the candidates receiving the second and third highest number of votes, Carolan and Ruggiero, respectively, was fewer than 20 votes and also less than .5%, necessitating a full manual hand recount of every ballot cast in the general election pursuant to Election Law § 9-208(4)(a)(i) and (ii). A manual recount of ballots took place, at which a representative for Ruggiero objected to a number of ballots. Of those objections, 5 were unanimously overruled and 17 were sustained by the Republican Commissioner but overruled by the Democratic Commissioner. Due to the split determination, those 22 ballots objected to by Ruggiero [*2]were cast and canvassed, and the vote tally was as follows: McLymore received 3,292, Carolan received 3,226, Ruggiero received 3,224, and Politi received 3,123. In December 2025, the Orange County Board of Elections (hereinafter the BOE) certified the election results with Carolan as a winner of the general election by two votes over Ruggiero.

Thereafter, Ruggiero commenced this proceeding pursuant to Election Law article 16, inter alia, to (1) invalidate the 22 ballots he objected to during the manual recount and remove the challenged ballots from the count and certification of the election, (2) direct the BOE to amend the certification to reflect the correct vote tally, and (3) declare Ruggiero the winner by way of receiving the second highest number of valid votes cast in the election for Member of the Town Council of the Town of Newburgh. The challenged ballots fell into two categories: those with extrinsic markings, and mutilated or torn ballots.

Carolan moved, among other things, pursuant to CPLR 3211(a) to dismiss the petition on the grounds, among others, that Ruggiero lacked standing to maintain the proceeding and that the Supreme Court lacked jurisdiction over it. In the alternative, Carolan sought leave to assert a cross-claim against the BOE alleging that certain ballots were erroneously deemed invalid and should have been counted in her favor.

In February 2026, the Supreme Court held a hearing on Ruggiero's and Carolan's objections, having previously determined that it had jurisdiction over the proceeding pursuant to Election Law § 9-208. In an order dated March 3, 2026, the court, inter alia, in effect, denied that branch of Carolan's motion which was pursuant to CPLR 3211(a) to dismiss the petition, granted those branches of the petition which were to invalidate ballots 1, 18, 19, and 27, denied so much of Carolan's purported cross-claim as sought to validate ballot 6, granted so much of Carolan's purported cross-claim as sought to validate ballot 9, and, sua sponte, determined that ballot 20 was valid and ballot 31 was invalid. The court directed the BOE to retally the vote accordingly. Carolan appeals, and Ruggiero cross-appeals.

The Supreme Court correctly determined that it had jurisdiction over the proceeding. "Any action Supreme Court takes with respect to a general election challenge must find authorization and support in the express provisions of the Election Law statute" (Matter of Jacobs v Biamonte, 38 AD3d 777, 778 [alteration and internal quotation marks omitted]; see Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d 18, 20). Election Law § 16-106 provides courts with authority to review a board's decision to canvass or refuse to canvass a particular ballot during the canvass (see id. § 16-106[1]; Matter of Gross v Albany County Bd. of Elections, 3 NY3d 251, 257; Matter of Johnson v Martins, 79 AD3d 913, 919-920, affd 15 NY3d 584). In a proceeding under Election Law § 16-106, "a court is only granted the power (1) to determine the validity of protested, blank or void paper ballots and protested or rejected absentee ballots and to direct a recanvass or correction of any error in the canvass of such ballots, and (2) to review the canvass and direct a recanvass or correction of an error or performance of any required duty by the board of canvassers" (Matter of Johnson v Martins, 79 AD3d at 920 [internal quotation marks omitted]; see Matter of Delgado v Sunderland, 97 NY2d 420, 423).

Here, the Supreme Court had jurisdiction to determine the validity of the protested paper ballots after the BOE conducted a full manual hand recount of every ballot cast for the public office of Member of the Town Council pursuant to Election Law § 9-208 (see id. § 9-208[4][a][i], [ii]). Contrary to Carolan's contention, Election Law § 9-209 is not applicable to this proceeding, as it pertains only to the canvass of early mail, absentee, military, and special ballots, and ballots cast in affidavit envelopes (see Senate Introducer's Mem in Support, Bill Jacket, L 2021, ch 763).

However, the Supreme Court lacked jurisdiction to consider the ballots challenged in Carolan's purported cross-claim. "Pursuant to CPLR 402, the pleadings in a special proceeding are limited to a petition, an answer, and a reply to any counterclaim asserted" (Matter of Espinal v Sosa, 153 AD3d 819, 820). "A cross claim is not permitted in a special proceeding without leave of court" (id. [alteration and internal quotation marks omitted]; see Matter of O'Connor v D'Apice, 156 AD2d 610, 612). Here, although Carolan requested leave of the court to assert a cross-claim, the court never granted that relief. Accordingly, Carolan's purported cross-claim was never properly [*3]before the court, such that the court lacked jurisdiction to consider her objections to, among other things, ballots 6 and 9 (see Matter of O'Connor v D'Apice, 156 AD2d at 612).

"The law is well settled that inadvertent marks on a ballot do not render the ballot void in whole or in part" (Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 24). "However, extraneous marks on ballots that could serve to distinguish the ballot or identify the voter, as opposed to inadvertent marks, will render a ballot blank as to the relevant office if the mark is confined to the voting square pertaining to that office, or render a ballot invalid as a whole if the mark appears outside of the voting square" (Matter of Brilliant v Gamache, 25 AD3d 605, 606-607). Election Law § 9-112(1) provides, in pertinent part, that the whole ballot is void if the voter "defaces or tears the ballot except that a ballot card which is in perforated sections shall not be void because it has been separated into sections," "makes any mark thereon other than a cross X mark or a check V mark in a voting square, or filling in the voting square," or "writes, other than in the space provided, a name for the purpose of voting; except that an erasure or a mark other than a valid mark made in a voting square shall not make the ballot void, but shall render it blank as to the office, party position or ballot proposal in connection with which it is made." Where there is no allegation that the disputed ballots were marked by the voter with fraudulent intent, the provisions of the Election Law regarding marking of ballots should be interpreted liberally (see Matter of Fallon, 197 NY 336, 338; Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 23).

The Supreme Court properly determined that ballot 19 was invalid. "A vote for any candidate or ballot measure shall not be rejected solely because the voter failed to follow instructions for marking the ballot. . . . A mark is considered valid when it is clear that it represents the voter's choice and is the technique consistently used by the voter to indicate his or her selections" (Matter of Kelley v Lynaugh, 112 AD3d 862, 863 [internal quotation marks omitted]; see 9 NYCRR 6210.13). Ballot 19 was invalid, as it contains what appears to be an X marking over the filled-in voting bubble for Carolan, rendering it unclear whether the voter intended to cast a vote for Carolan or to revoke that vote (see Matter of Kelley v Lynaugh, 112 AD3d at 863; Matter of McClure v D'Apice, 116 AD2d 721, 723-724; cf. Matter of Stewart v Chautauqua County Bd. of Elections, 14 NY3d 139, 149).

However, the Supreme Court incorrectly determined that ballots 1, 18, and 27 were invalid. On ballot 1, an "I Voted" sticker appears near the bottom of the ballot. This Court has held that where "there were written words deliberately placed on the ballot by the voter the entire ballot is void" (Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 25 [internal quotation marks omitted]; see Matter of Johnson v Martins, 79 AD3d at 922). "Markings which are identifiable as written words could distinguish the ballot from others cast and consequently mark the ballot for identification" (Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 25; see Matter of Moritt v Cohen, 255 App Div 804, affd 279 NY 617). However, even assuming that the sticker could be construed as "written words," there is no evidence that it was "deliberately placed by the voter" (Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 25 [internal quotation marks omitted]). Moreover, the record demonstrates that the sticker's placement on the bottom of the ballot appears outside of the voting squares (see Matter of Johnson v Martins, 79 AD3d at 922) and does not obstruct the voter's intent with respect to Council Member (see Election Law § 9-112[1]).

Ballot 18 contains a marking through the name of a candidate for County Legislator. As that marking is confined to the voting square for County Legislator, the Supreme Court erred in invalidating that ballot as to the office of Council Member (see id. § 9-112; Matter of Johnson v Martins, 79 AD3d at 921-922; Matter of Brilliant v Gamache, 25 AD3d at 606-607). Ballot 27 contains a tear through the column headings for Supreme Court Justice and Receiver of Taxes. The court erred in invalidating that ballot, as there was no evidence that the ballot was torn by the voter (see Matter of Ruffo v Margolis, 61 AD2d 846, 847-848; Matter of Harris v Hulbert, 211 App Div 301, 309; Matter of Thacher v Lent, 71 App Div 483, 486-487).

The Supreme Court lacked jurisdiction to issue a determination as to the validity of ballots 20 and 31, as Ruggiero did not object to the BOE's determination with respect to those ballots (see generally Election Law § 16-106).

The parties' remaining contentions are not properly before this Court.

GENOVESI, J.P., DOWLING, TAYLOR and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court