In the Matter of the Application of FRED ROWE, Respondent, for a Writ of Mandamus.

A. E. RIDGEWAY, Appellant.

Fourth Department, May 12, 1920.

**Elections — invalid vote for one officer not invalidating entire ballot.**

An entire ballot is not invalidated by the fact that the elector placed a cross in front of the name of a candidate for town clerk and then wrote in the name of another for the same office, but is invalid only as to the vote for town clerk.

APPEAL by A. E. Ridgeway from an order of the Supreme Court, made at Special Term, granting the petitioner's application for a writ of mandamus.

*Roscoe Sargent*, for the appellant.

*Miller & Bentley*, for the respondent.

*William M. Gallagher*, for the election commissioners.

PER CURIAM:

We think the decision of the trial justice was clearly right in regard to the ballots Exhibits 1 and 3. In fact, the decision in regard to those two ballots is not seriously questioned here. On ballot Exhibit 2 the voter made a cross mark before the name of Olive Ridgeway, a candidate for the office of town clerk. The voter also wrote in a name in the proper

place to vote for a person whose name did not appear on the ballot as a candidate for that office. The ballot shows upon its face, therefore, that the voter had attempted to vote for two persons for the office of town clerk: *First,* by placing a cross mark before the name of Olive Ridgeway; and, *second,* by writing in the name of a person in the proper place. The question is whether that made the whole ballot void or whether it made the ballot void only as to the office of town clerk. The Special Term has held that the ballot was valid except that the vote could not be counted for town clerk. We are satisfied that the proper conclusion was reached at Special Term.

All concur, except DE ANGELIS and HUBBS, JJ., not voting.

Order affirmed, with ten dollars costs and disbursements.