Felix J. Aulisi, J.
An order granted on November 18, 1963, directs the inspectors of election of the First and Fourth Election Districts of the Town of Duanesburg,. Schenectady County, to show cause why they should not reconvene, recanvass and correct the statement of canvass and return insofar as it affects the votes cast in the general election held on November 5, 1963, for the office of Supervisor of said town and for an adjudication of the validity of rejected and void ballots in said election districts.
The petitioner, Stanley M. Pavlic, was the Democratic and Liberal candidate for the office of Supervisor. The respondent, Raymond R. Mott, was the Republican candidate for said office. The unofficial result gave each candidate 748 votes.
There are two protested absentee ballots offered in evidence by the petitioner. Exhibit No. 1 (ballot) was cast for Pavlic but declared void because of certain markings. Exhibit No. 2 (ballot) torn in two places was cast for Mott and counted for him. The petitioner contends that the decision should have been reversed, viz.: No. 1 counted for him and No. 2 declared void.
Rule 1 of section 212 of the Election Law provides in part as follows:
“ The whole ballot is void if the voter (a) does any act extrinsic to the ballot such as enclosing any paper or other article in the folder ballot or (b) defaces or tears the ballot or (c) *977 makes any erasure thereon or (d) makes any mark thereon, other than a cross X mark or a check * mark in a voting square or circle, or other than the writing in of a name for the purpose of voting; except that an erasure or a mark other than a cross X mark or a check ** mark made in a voting square shall not make the ballot void, but shall render it blank as to the office, party position or question in connection with which it is made.”
An examination of the ballot marked Exhibit No. 1 discloses that the voter has obliterated by a series of circular and angular strokes which are heavy, definite and marked and made with a ball point pen, practically the entire block which contains the square, number and name of the Republican candidate for the office of County Clerk. The obliteration is made within the blocked enclosure and there is also a cross mark with several circles around it in the voting square.
I am aware of the fact that a voter should not be disfranchised or deprived of his right to vote and that the statute should be liberally construed and the intent of the voter carried out. We must, however, also keep in mind that the purpose of the statute is to preserve secrecy.
It is my belief that the ballot marked Exhibit No. 1 is void in toto for the reason that the obliteration is a very definite distinguishing mark and separates and identifies this particular ballot from others cast. In my opinion this is not a mark inartistically made in the voting square or enclosure or a mark made unintentionally through inadvertence or by accident, as contemplated by the statute. The markings were made by the voter and not by some other person. They serve only to identify the voter and should be rejected (Matter of O'Shaughnessy v. Monroe County Bd. of Elections, 15 A D 2d 183; Matter of Smith v. Briggs, 286 N. Y. 714; Matter of Moritt v. Cohen, 279 N. Y. 617).
As to the ballot marked Exhibit No. 2,1 feel that it was properly counted for Mott. At the hearing two witnesses, Edith Noonan and Jean H. Babcock, were called by the petitioner. Both are election inspectors of the fourth district and both testified that they were the persons who opened the envelopes and that they saw no tears in any of the absentee ballots.
Exhibit No. 2 has two slight tears of less than three quarters of an inch at the bottom of the ballot and on opposite ends where the ballot had been folded. The tears might easily have been made during the handling of the ballot after it had been removed from the envelope. There is no presumption that a torn ballot was so torn by the voter (Matter of Devine v. Osmann, *978 164 Misc. 665; Matter of Harris v. Hulbert, 211 App. Div. 301; People ex rel. Colne v. Smith, 188 App. Div. 834).
I, therefore, conclude and decide that Exhibit No. 1 cast for Pavlic is void and Exhibit No. 2 cast for Mott is valid and that the election is a tie with both candidates receiving 748 votes.