■ In the Matter of CARL J. GIGLIA, Appellant, v ARTHUR J. CARLSEN et al., Constituting the Board of Elections of Erie County, et al., Respondents.—Order unanimously modified, on the law, by reinstating the petition insofar as it requests review, pursuant to section 412 (subd 2, par [6], cl b) of the Election Law, of the emergency ballot of Gary Nelson, and otherwise order affirmed, without costs, and matter remitted to Supreme Court, Erie County, for a new hearing in accordance with the following memorandum: This is an appeal from an order of Special Term, Erie County, which dismissed petitioner-appellant's motion pursuant to subdivision 4 of section 330 of the Election Law (1) to recanvass certain absentee ballots cast in the general election of November 2, 1976; (2) to include in the vote tally a certain emergency ballot cast pursuant to section 412 (subd 2, par [6], cl b) of the Election Law, and (3) to overrule a decision by the board of elections that invalidated a certain absentee ballot. Special Term's dismissal was based on the fact that the respondent, Wallace Gibson, the successful candidate, had not been served with notice within 20 days of the election. The essential facts are undisputed. In the general election of November 2, 1976 petitioner Giglia and respondent Gibson were candidates for the

position of Supervisor of the Town of Clarence, with Giglia the candidate for the Conservative and Your Choice Parties and Gibson the Republican candidate. There was no official winner declared immediately after the election. A recanvass of the vote was conducted by the Erie County Board of Canvassers pursuant to the provisions of section 274 of the Election Law. According to respondent the recanvass was conducted upon notice to and in the presence of both petitioner and respondent. In the recanvass, several adjustments were made to the statements of canvass on account of clerical errors, and 13 absentee ballots which had been received by the board of elections, but had not been forwarded to the election districts, were also counted. One absentee ballot received by Election District No. 13, Town of Clarence, was found to be irregular and was declared blank with respect to this contest. One absentee ballot marked in red ink was declared to be valid. Two ballots cast pursuant to section 412 (subd 2, par [6], cl b) of the Election Law were rejected. The recanvass of the vote was completed on November 10, 1976. Respondent Gibson was declared and certified to be the winner of the election by a margin of one vote, with Gibson receiving 3663 votes and Giglia 3662 votes. Petitioner Giglia instituted a proceeding pursuant to subdivision 4 of section 330 of the Election Law to revoke the certification of respondent Gibson as winner in the election and to recanvass certain absentee ballots, to include the absentee ballot which was declared irregular and invalid by the board of elections and to eliminate the absentee ballot credited to respondent Gibson which was marked in red ink and declared valid by the board. Petitioner also sought to have one of the two ballots cast pursuant to section 412 (subd 2, par [6], cl b) of the Election Law, which were rejected by the board of elections, declared valid and included in the recanvass requested by petitioner. A first order to show cause was served on the named members of the Boards of Canvassers and Elections of Erie County within 20 days after the election. However, the successful candidate, Gibson, was not named as a respondent, nor was he served with a copy of this order within 20 days of the election. Gibson was served with a second order to show cause, substantially the same as the first, but which named him as a respondent along with the boards of canvassers and elections. This service was not effected on him until November 26, 1976—24 days after the election. Subdivision 4 of section 330 of the Election Law requires that a proceeding to review determinations concerning protested or rejected absentee ballots must be instituted within 20 days of the election. The failure to serve the necessary party, Gibson, within the 20-day time period is a noncurable defect, depriving the Supreme Court of subject matter jurisdiction over that aspect of petitioner's claim concerning the disputed absentee ballots *(Ullman v Power,* 17 AD2d 792, affd 12 NY2d 724; *Matter of Lohmaier v Ulster County Bd. of Elections,* 50 AD2d 1055). Thus, Special Term properly dismissed petitioner's proceeding insofar as it sought review of absentee ballots under subdivision 4 of section 330. Significantly, for time limitation purposes in subdivision 4 of section 330, the Legislature distinguished between those proceedings involving section 412 (subd 2, par [6], cl b) ballots and those involving other types of ballots. For those proceedings involving section 412 (subd 2, par [6], cl b) ballots, the time period begins to run from the "date of the determination challenged." By making this distinction, the intent of the Legislature clearly was not to have the time period run from the day of the determination challenged in every instance, as petitioner urges, but only in the narrow area of section 412 (subd 2, par [6], cl b) ballot challenges. Petitioner has challenged the determination made by the board of canvassers for failing to include a ballot cast pursuant

to this section. He alleges that this determination was made on November 10, 1976, the date that the canvass was completed, and he claims that until that date the section 412 ballot had not been opened nor included in the votes cast for town supervisor. The procedure for canvassing section 412 ballots, provided for in section 274-a of the Election Law, requires that within 10 days of the election the board of canvassers assemble and consider these ballots, in the presence of the candidates. Petitioner claims without dispute that this meeting took place on November 10, 1976. Subdivision 4 of section 330 directs that a proceeding involving challenges to determinations made by the board of canvassers concerning section 412 (subd 2, par [6], cl b) ballots be instituted within 20 days of the date of the determination challenged. Since respondent Gibson was served on November 26, 1976, the proceeding was timely commenced. However, after taking the testimony of several witnesses from respondent board of elections, Special Term incorrectly concluded that this proceeding was also untimely commenced. In view of the possible disenfranchisement of a voter and the extremely close count where one vote could be crucial, we believe that petitioner should be afforded a full and immediate opportunity to present such evidence as he may have at a hearing to establish before a trier of fact that Gary Nelson, the individual who cast the section 412 (subd 2, par [6], cl b) ballot in question, indeed registered to vote. If the evidence presented is sufficient to convince such a trier of fact that through human or clerical error, Gary Nelson's name inadvertently was not included in the records of registered voters maintained by respondent board, its records should then be amended *nunc pro tunc* and his sealed ballot opened and counted for the candidate of his choice. Absent sufficient evidence of his registration, the respondent board of elections must reject the ballot (Election Law, § 274-a, subd 2, par a). (Appeal from order of Erie Supreme Court—Election Law.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ. (Decided Dec. 29, 1976.)