## (December 28, 1979)

■ In the Matter of JOAN M. FRANKE, Respondent-Appellant, v EVERETT F. MCNAB et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents, and JOEL J. ZIEGLER, Appellant-Respondent.—In a proceeding to, *inter alia,* recanvass the votes cast at the general election held on November 6, 1979 for the public office of Town Councilman, Town of Smithtown, Suffolk County, for which there were two vacancies, (1) candidate Joel J. Ziegler appeals from a judgment of the Supreme Court, Suffolk County, dated November 28, 1979, which, *inter alia,* directed the Board of Elections to certify that Bradley L. Harris and petitioner, Joan M. Franke, have been elected; and (2) petitioner cross-appeals, as limited by her notice of appeal and brief, from so much of the judgment as denied her objections to certain ballots and sustained certain objections of Ziegler. Judgment affirmed, without costs or disbursements. Five candidates ran for two vacancies for the office of Town Councilman. Following the election, Republican Party candidate Joan Franke instituted this proceeding for a recanvass, alleging that a preliminary canvass showed her losing by three votes, but that the canvass was inaccurate. The individuals who would have been elected under this canvass were the Democratic Party candidates Bradley L. Harris and Joel J. Ziegler. Following a four-day hearing, Special Term directed the Board of Elections to certify that Bradley L. Harris and Joan Franke had received the greatest number of votes and had been elected to the two vacancies. Special Term's recanvass showed the following results: Harris—14,440; Franke—14,429; Ziegler—14,424; Raynor—12,734; Zamoyta —1,582. In our view, resolution of whether the challenged ballots were improperly marked involves a determination of whether certain marks thereon are "inadvertent" as opposed to "distinguishing" or "identifying" (see Election Law, § 9-112; *Matter of Pavlic v Haley,* 13 NY2d 1111; *Matter of Moritt v Cohen,* 255 App Div 804, affd 279 NY 617; *Matter of Dowgwilla v Cohen,* 255 App Div 798, app dsmd 279 NY 614). Of the ballots Ziegler challenges on the basis of markings (Exhibits Nos. 4, 6, 18, 33, 36, 69, 70, 76, 80, 81, 83 and 96), we affirm Special Term's determination of validity except for Exhibits Nos. 18, 36, 69 and 70. Special Term had itself invalidated Exhibit No. 33 and that ballot was not counted. Of the ballots Franke

challenges on the basis of markings (Exhibits Nos. 11, 13, 14, 15, 17, 35, 37, 38, 43, 47, 49, 50, 59 and 113), we affirm the determination of validity as to all except Exhibits Nos. 17, 35, 50, 59 and 113. Exhibits Nos. 17 and 18 are invalid because of the identifying words "Mickey Mouse" written on the ballots. Exhibit No. 35 was initialed by the voter, evidently to show he approved a correction he had made. Exhibit No. 36 was improperly marked with "yes" instead of a check mark or an "X" and included the words "Straight Republican [sic]". We note that Franke concedes that Exhibit No. 36 is invalid. Exhibit No. 50 was signed by the voter in the lower right-hand corner. Exhibit No. 59 contains an address in the upper right-hand corner. Exhibits Nos. 69 and 70 contain information following the name of a write-in candidate which is an identifying mark as opposed to an inadvertent mark. Exhibit No. 113 contains indentifying language in the upper left-hand part of the ballot. Ziegler challenges two more ballots on grounds other than the manner of their marking; in addition, he seeks to have an affidavit ballot opened on the ground that the voter's registration was improperly canceled. We believe Ziegler is correct as regards one contention. He maintains that one Joseph Marnane obtained an absentee ballot but then appeared at the polls and voted in person. The testimony of a neighbor of the Marnanes was that she saw him vote at the polls on election day. Each counsel offered a different theory to reconcile the absentee ballot request with the buff card showing a vote in person. The court found that there were three Marnane men and, therefore, three votes: one by absentee ballot, one by military ballot and one in person. We find no support in the record for such a factual finding. Under these circumstances, we believe that the absentee ballot (Exhibit No. 7) should not be counted. Subtracting that vote from Franke's total does not, in any event, change the result. The objection by Ziegler to a military ballot (Exhibit No. 63) on the ground that there was no buff card with which to compare the voter's signature was properly overruled by Special Term. There is nothing to show that there was lack of compliance with the provisions governing the registration of military personnel (see Election Law, § 10-106). Finally, Ziegler argues that Athena Keena had her registration improperly canceled, and that her affidavit ballot (Exhibit No. 114) should be opened and counted. Special Term determined that the Board of Elections had a procedure for canceling the registration of a voter and that the procedure had been followed. The procedure gives notice to the voter and provides that registration will continue if the card provided is returned. This is not the situation pertaining in *Matter of Giglia v Carlsen* (55 AD2d 1018, 1020), where a hearing was ordered to determine if a certain individual's name had inadvertently not been included in the records of registered voters through human or clerical error. There was no inadvertence in the instant case, but a procedure followed on one side and not on the other. Furthermore, the one vote will not alter the ultimate result, as it might have in *Giglia*. Special Term properly rejected three mailed registrations received by the Board of Elections on October 10, 1979 that Franke seeks to have validated. Franke's argument that the time limitation should be stretched to mitigate the failure of the Board of Elections to pick up mail later than 2:45 P.M. on October 9, 1979 is without merit. If the registrations were in the late mail on October 9, they would surely have been received earlier than their time stamp indicates: October 10, 1979—4:35 P.M. We thus conclude that the relevant vote was as follows: Harris—14,440; Franke—14,424; Ziegler—14,-419. O'Connor J. P., Lazer, Mangano and Cohalan, JJ., concur.