■ In the Matter of ERIK A. NICOLAYSEN, Respondent-Appellant, et al., Petitioners, v ANTONIA D'APICE et al., Respondents; JOHN WHITTLESEY, Respondent-Appellant, and LAWRENCE BREEN et al., Appellants-Respondents. In the Matter of MIA C. FIENEMANN, Petitioner, and HENRY HOCHERMAN, Appellant-Respondent, v ANTONIA D'APICE et al., Respondents, LOIS L. MITCHELL et al., Respondents-Appellants, and LAWRENCE BREEN, Appellant-Respondent. — In consolidated proceedings pursuant to article 16 of the Election Law, *inter alia,* to recanvass the votes cast at the general election held on November 8, 1983, for the public office of Town Councilman at Large, Town of New Castle, New York, for which there were two vacancies, (1) candidates Henry Hocherman and Lawrence Breen appeal from so much of a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered January 26, 1984, as held that the election for the office, as between Hocherman and Erik A. Nicolaysen, was a tie; and (2) candidates Erik A. Nicolaysen, John Whittlesey and Lois L. Mitchell cross-appeal from so much of the same judgment as denied, *inter alia,* Nicolaysen's objections to certain ballots. ¶ Judgment reversed insofar as appealed and cross appealed from, on the law and the facts, without costs or disbursements, the second and third decretal paragraphs thereof are deleted and the following is substituted therefor: (1) that the Westchester County Board of Elections is hereby directed to recanvass and recount the votes for town councilman at large for the Town of New Castle, New York, and upon said recanvass and recount to declare that candidate Henry Hocherman received a total of 2,441 votes and candidate Erik A. Nicolaysen received a total of 2,436 votes, and (2) that the Westchester County Board of Elections is hereby directed to reaffirm its statement of December 13, 1983, declaring Henry Hocherman to have been elected to one town councilman at large position on the Town Council of New Castle, New York. ¶ Under the facts and circumstances of this particular case, we find that both Henry Hocherman and Erik A. Nicolaysen properly commenced the instant proceedings, subsequently consolidated, challenging the results of the election for Town Councilman at Large as between Hocherman and Nicolaysen (see Election Law, §§ 9-210, 9-212, 16-106). ¶ The board of elections had declared Lawrence Breen and Hocherman to have been duly elected to fill two vacancies for the office of town councilman at large, based upon the following results: Breen — 2,778; Hocherman — 2,443; Nicolaysen — 2,438; John Whittlesey — 2,161. Special Term, after reviewing certain challenged paper ballots, directed the board, *inter alia,* to recanvass and recount the votes for town councilman and, upon such recanvass and recount, to declare (1) "candidate Henry Hocherman and

candidate Erik A. Nicolaysen each received a total of 2,443 votes"; (2) "that the election for the second councilman position on the Town Council of New Castle, New York is a tie between Henry Hocherman and Erik A. Nicolaysen"; and (3) "Lawrence Breen to have been elected to one Councilman position on the Town Council of New Castle, New York". ¶ Our review of the ballots, challenged on the appeal and cross appeal,[*] indicates that a reversal is warranted. We initially note that contrary to Special Term's contentions, each ballot must be examined and considered individually and not in comparison to other ballots. Of the ballots Hocherman challenges on the basis of markings or tears, in that they were incorrectly counted (exhibits Nos. 1, 11, 22, 33 and 43), we reverse Special Term's determination of validity as to all ballots. Of the ballots Nicolaysen challenges on the basis of markings or tears in that they were incorrectly counted (exhibits Nos. 2, 5, 8, 9, 32, 34, 35, 36, 37, 38, 39, 40, 41 and 42), we affirm Special Term's determination of validity except for exhibits Nos. 34, 36 and 40. Exhibits Nos. 1, 33 and 34 have distinguishing cuts or tears on the ballots. Exhibit No. 11 has distinguishing, as opposed to inadvertent, marks on the margins of the voting squares. Exhibit No. 22 was initialed by the voter, evidently to show he or she approved a correction that was made. Exhibit No. 36 contains an erasure with regard to the office of town councilman, thereby rendering the ballot blank as to that office. Exhibit No. 40 has distinguishing, rather than inadvertent, marks in the voting squares with respect to the office of town councilman, thereby rendering the ballot blank as to that office. Exhibit No. 43 was marked with a yellow pencil or pen, which highlighted and distinguished each vote, including that for town councilman (see Election Law, § 9-112; *Matter of Franke v McNab,* 73 AD2d 679). Moreover, Hocherman's additional contentions as to two absentee ballots (exhibits Nos. 30 and 31), and to an affidavit ballot (exhibit No. 16) are meritorious. With respect to the absentee ballots, the postmark dates on the envelopes are clearly not ascertainable, and therefore, Special Term's determination that the votes should have been counted was erroneous (Election Law, § 8-412). With regard to the affidavit ballot, we find that this ballot should have been counted, since the record indicates that the voter was duly registered and her registration was improperly canceled. ¶ We thus conclude that the vote as between Hocherman and Nicolaysen was as follows: Hocherman — 2,441 and Nicolaysen — 2,436. Mangano, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.

(March 5, 1984)

---

[*] While the cross appeal was not perfected, at the time of oral argument on the appeal counsel for Nicolaysen requested that this court consider his challenges, presented at Special Term, to 14 ballots cast in favor of Hocherman. We have reviewed these ballots at this time in the interest of judicial economy.