■ In the Matter of EDWARD SCANLON, Respondent, v PETER SAVAGO et al., Constituting the Board of Canvassers of Ulster County, et al., Respondents, and BRUCE A. LAMONDA, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered December 28, 1989 in Ulster County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-106, to declare valid an absentee ballot cast at the November 7, 1989 general election naming respondent John W. Kelder for the office of Town Councilman of the Town of Olive.

Petitioner, the Republican Party Chairman of the Town of Olive's Republican Committee, commenced this proceeding to validate an absentee ballot that petitioner claims the Board of Canvassers of Ulster County (hereinafter the Board) had improperly refused to count in the November 7, 1989 general election. At stake here is a position on Olive's Town Council, two candidates for which were respondent Bruce A. Lamonda, a Democrat and Conservative, and respondent John W. Kelder, a Republican. A recanvass of the votes cast in the general election resulted in a one-vote victory by Lamonda over Kelder. On the ballot at issue, in a column for the office of County Legislator, the voting square for candidate Terence G. Carle was blackened out with the word "No" written next to the square and within the blocked enclosure containing Carle's name. Two lines below, the voting square for candidate Robin Kirk was marked "X", with the word "Yes" written next to the square and within the blocked enclosure containing Kirk's name. Supreme Court determined that the ballot was invalid only as to the office of County Legislator and directed the Board to reinstate the remaining portion thereof, resulting in an additional vote for Kelder and a tie vote for Town Council. Lamonda now appeals that order.

We reverse. The relevant statute provides that: "The whole ballot is void if the voter * * * makes any erasure thereon or * * * makes any mark thereon other than a cross X mark or a check V mark in a voting square * * * except that an erasure or a mark other than a valid mark made in a voting square shall not make the ballot void, but shall render it blank as to the office * * * in connection with which it is made" (Election Law § 9-112 [1]). In our view, "an erasure or a mark other than a valid mark made in a voting square" does not include written words intentionally made by the voter *(see, Matter of Moritt v Cohen,* 255 App Div 804, 807, *affd* 279 NY 617; *cf., Matter of Williams v Rensselaer County Bd. of Elections,* 98 AD2d 938, *affd* 61 NY2d 730), particularly where

the words could "distinguish, separate and identify, the ballot from others cast" (50 NY Jur 2d, Elections, § 575, at 353; *see, Matter of Pavlic v Haley*, 40 Misc 2d 975, *affd* 20 AD2d 592, *affd* 13 NY2d 1111). Here, there were written words deliberately placed on the ballot by the voter rendering the entire ballot invalid. Accordingly, the order should be reversed and petitioner's application dismissed, rendering the ballot's vote for Kelder invalid.

Order reversed, on the law, without costs, vote cast for respondent John W. Kelder on absentee ballot in issue declared invalid and petition dismissed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.