In the Matter of MICHAEL P. CARNEY, Appellant-Respondent, v WILLIAM M. DAVIGNON et al., Respondents-Appellants. [735 NYS2d 263] —Order unanimously affirmed without costs. Memorandum: Petitioner and William M. Davignon (respondent) were candidates for the Niagara County Legislature, Ninth Legislative District, during the November 6, 2001 general election. After a canvass and recanvass of the ballots, respondent had two more votes than petitioner, and petitioner commenced this proceeding challenging 14 ballots. Supreme Court invalidated nine ballots and validated five ballots, resulting in respondent having one more vote than petitioner. Only nine ballots are challenged on this appeal and these cross appeals. We affirm.

The court properly invalidated two ballots (Exhibits 4 and 7) because the voters failed to provide information required by Election Law § 8-302 (3) (e) (ii) (*see, Matter of Kolb v Casella,* 270 AD2d 964, 964-965, *lv denied* 94 NY2d 764). The court properly invalidated another ballot (Exhibit 6) because the date of the postmark on that absentee ballot could not be ascertained without extrinsic evidence (*see,* Election Law § 8-412 [1]; *Matter of Kroening,* 187 AD2d 1045). In addition, the court properly invalidated another ballot (Exhibit 14) based on marks made at the top of eight of the nine voting columns that could have identified the voter (*see,* Election Law § 9-112 [1]; *Matter of Nicolaysen v D'Apice,* 100 AD2d 501, 502, *appeal dismissed* 62 NY2d 976).

We further conclude that the court properly validated two ballots (Exhibits 8 and 13) because the filling in of voting squares for two candidates for the same office invalidated the vote for that office but did not invalidate the entire ballot (*see,* Election Law § 9-112 [2], [6]). In addition, the court properly validated a third ballot (Exhibit 9) despite the voter's failure to sign the Statement of Absentee Voter on the correct line. "The right of the voter to be safeguarded against disenfranchisement and to have his intent implemented wherever reasonably possible * * * transcends technical errors" such as this (*Matter of Weinberger v Jackson,* 28 AD2d 559, *affd* 19 NY2d 995).

With respect to the two remaining ballots (Exhibits 11 and

12), one of which was invalidated, we do not disturb the findings of the court with respect to those ballots where, as here, "the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Claridge Gardens v Menotti*, 160 AD2d 544, 545; *see, Niemira v Dean*, 245 AD2d 1068, 1069).

The two remaining issues raised by respondents Niagara County Board of Elections and Niagara County Board of Canvassers are outside the scope of their notice of cross appeal and, in any event, they are not aggrieved parties with respect to those issues (*see,* CPLR 5511). (Appeals from Order of Supreme Court, Niagara County, Lane, J.—Election Law.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Gorski, JJ.