■ In the Matter of ELIZABETH BRILLIANT, Respondent-Appellant, v DAVID GAMACHE et al., Respondents, WILLIAM BEALE, Respondent-Appellant, and ROBERT VALDATI, Appellant-Respondent. [808 NYS2d 728]—

In a proceeding pursuant to Election Law § 16-106, inter alia,

to declare invalid certain absentee ballots cast in the general election held on November 8, 2005, for the public office of Town Council Member for the First Ward, Town of Wappinger, Dutchess County, Robert Valdati appeals, as limited by his brief, and Elizabeth Brilliant and William Beale cross-appeal, from stated portions of a final order of the Supreme Court, Dutchess County (Brands, J.), dated December 19, 2005, which, among other things, determined various challenges to three absentee ballots.

Ordered that the final order is modified, on the law and the facts, by deleting the provision thereof sustaining the objection to the absentee ballot containing a pen mark characterized as "underlining" beneath the names of three candidates for the public office of State Supreme Court Justice and substituting therefor a provision overruling that objection and directing the Board of Elections for the County of Dutchess to canvass and count that absentee ballot; as so modified, the final order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Election Law § 9-112 (1) provides, in part, "1. The whole ballot is void if the voter (a) does any act extrinsic to the ballot such as enclosing any paper or other article in the folded ballot or (b) defaces or tears the ballot except that a ballot card which is in perforated sections shall not be void because it has been separated into sections or (c) makes any erasure thereon or (d) makes any mark thereon other than a cross X mark or a check V mark in a voting square, or filling in the voting square, or punching a hole in the voting square of a ballot intended to be counted by machine or (e) writes, other than in the space provided, a name for the purpose of voting; except that an erasure or a mark other than a valid mark made in a voting square shall not make the ballot void, but shall render it blank as to the office, party position or ballot proposal in connection with which it is made. No ballot shall be declared void or partially blank because a mark thereon is irregular in form. The term 'voting square' shall include the voting space provided for a voter to mark his vote for a candidate or ballot proposal."

"The law is well settled that inadvertent marks on a ballot do not render the ballot void in whole or in part" (*Matter of Mondello v Nassau County Bd. of Elections*, 6 AD3d 18, 24 [2004]). However, extraneous marks on ballots that could serve to distinguish the ballot or identify the voter, as opposed to inadvertent marks, will render a ballot blank as to the relevant office if the mark is confined to the voting square pertaining to that office, or render a ballot invalid as a whole if the mark ap-

pears outside of the voting square (*see* Election Law § 9-112 [1]; *Matter of Mondello v Nassau County Bd. of Elections, supra* at 25; *Matter of Boudreau v Catanise,* 291 AD2d 838, 839 [2002]; *Matter of Carney v Davignon,* 289 AD2d 1096, 1096 [2001]; *Matter of Nicolaysen v D'Apice,* 100 AD2d 501, 502 [1984]; *Matter of Franke v McNab,* 73 AD2d 679, 679 [1979]; *see generally Matter of Gross v Albany County Bd. of Elections,* 3 NY3d 251, 255-258 [2004]).

The Supreme Court properly determined that a check mark made with a pen on one of the challenged ballots in the box labeled "Democratic," which appeared outside of the voting squares, constituted an extraneous mark which invalidated the ballot. The check mark appeared to be intentional, and it could have served to distinguish the ballot or identify the voter (*see* Election Law § 9-112 [1]; *Matter of Mondello v Nassau County Bd. of Elections, supra* at 25; *Matter of Boudreau v Catanise, supra* at 839; *Matter of Carney v Davignon, supra* at 1096; *Matter of Nicolaysen v D'Apice, supra* at 502; *Matter of Franke v McNab, supra* at 679-680).

However, the Supreme Court improperly sustained the objection to another ballot containing a pen mark which was characterized as "underlining" beneath the names of three candidates for the public office of State Supreme Court Justice. The mark appeared to be inadvertent (*see Matter of Mondello v Nassau County Bd. of Elections, supra* at 24; *cf. Matter of Nicolaysen v D'Apice, supra* at 502; *Matter of Franke v McNab, supra* at 679). In any event, even if it was intentional, the mark would render the ballot blank only with respect to the offices pertaining to the voting squares in which the mark appeared, but not as to the entire ballot (*see* Election Law § 9-112 [1]; *Matter of Mondello v Nassau County Bd. of Elections, supra* at 24).

The Supreme Court properly overruled the objection to a third ballot which contained what appeared to be food stains. There is no reason to believe the stains were anything but inadvertent, and the court therefore properly determined that the stains did not invalidate the ballot (*see* Election Law § 9-112 [1]; *Matter of Mondello v Nassau County Bd. of Elections, supra* at 24; *cf. Matter of Nicolaysen v D'Apice, supra* at 502; *Matter of Franke v McNab, supra* at 679). Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.