(October 30, 2009)

■ In the Matter of Nedzad Smajic, Respondent, v Oneida County Board of Elections et al., Respondents, and Frank Vescera, Appellant. [889 NYS2d 130]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered October 5, 2009 in a proceeding pursuant to the Election Law. The order, insofar as appealed from, denied the petition in part.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the petition is denied in its entirety.

Memorandum: Frank Vescera (respondent) appeals from an order that granted the petition in part and directed respondent Oneida County Board of Elections (Board) to count five emergency ballots cast in petitioner's favor in the September 15, 2009 Democratic primary election for the office of Councilman

for the First Ward of the City of Utica. The Board had invalidated those five ballots and, pursuant to the relief granted by Supreme Court, petitioner gained a four-vote margin of victory.

The five emergency ballots in question contain improper marks, and we thus conclude that they are void. Pursuant to Election Law § 9-112 (1) (d), "[t]he whole ballot is void if the voter . . . makes any mark thereon other than a cross X mark or a check V mark in a voting square, or filling in the voting square . . . ." "[E]xtraneous marks on ballots that could serve to distinguish the ballot or identify the voter, as opposed to inadvertent marks, will render a ballot blank as to the relevant office if the mark[s are] confined to the voting square pertaining to that office, or render a ballot invalid as a whole if the mark[s] appear[ ] outside of the voting square" (*Matter of Brilliant v Gamache*, 25 AD3d 605, 606-607 [2006], *lv denied* 6 NY3d 783 [2006]). Here, four of the voters wrote their names on the ballots, and the fifth voter wrote the name of a candidate for another office on the ballot, which "could have identified [that] voter" (*Matter of Carney v Davignon*, 289 AD2d 1096, 1096 [2001]; *see Matter of Alessio v Carey*, 49 AD3d 1147, 1149 [2008], *lv denied* 10 NY3d 803 [2008]). In light of our determination, we do not reach respondent's remaining contentions. Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.