584

[942 NE2d 1043, 917 NYS2d 617]

In the Matter of CRAIG M. JOHNSON, Appellant-Respondent, v
JACK M. MARTINS, Respondent-Appellant, and NASSAU
COUNTY BOARD OF ELECTIONS, Respondent.

In the Matter of JAY JACOBS, as Chairman of the Nassau County
Democratic Committee, Appellant, and JOSEPH MONDELLO,
as Chairman of the Nassau County Republican Committee,
Respondent, v NASSAU COUNTY BOARD OF ELECTIONS, Re-
spondent. ·

Argued December 20, 2010; decided December 20, 2010

## POINTS OF COUNSEL

*Jaspan Schlesinger LLP*, Garden City (*Steven R. Schlesinger* and *Hale Yazicioglu* of counsel), for appellant-respondent and appellant. I. Appellants' application under Election Law § 16-113 for a manual hand count should have been granted. (*Wesberry v Sanders*, 376 US 1.) II. The erroneous rulings with respect to challenged ballots should be overturned. (*Matter of Mondello v Nassau County Bd. of Elections*, 6 AD3d 18; *Matter of Marraccini v Balancia*, 182 AD2d 628; *Matter of Nicolaysen v D'Apice*, 100 AD2d 501; *Matter of McClure v D'Apice*, 116 AD2d 721; *Matter of Hosley v Valder*, 160 AD2d 1094; *Matter of Kolb v Casella*, 270 AD2d 964; *Matter of Kroening*, 187 AD2d 1045; *Matter of Carney v Davignon*, 289 AD2d 1096; *Matter of Panio v Sunderland*, 14 AD3d 627; *Matter of Brilliant v Gamache*, 25 AD3d 605.)

*Bee Ready Fishbein Hatter & Donovan, LLP*, Mineola (*Peter A. Bee* and *Kenneth A. Gray* of counsel), for respondent-appellant. I. A full hand count was properly denied by the court below. (*Matter of Tarantino v Westchester County Bd. of Elections*, 8 AD3d 672.) II. Assuming, arguendo, the court has authority to order a manual recount, the standards in 9 NYCRR 6210.18 (h) were not met. III. In the unlikely event this Court should order unopened affidavit ballot envelopes to be opened, the unopened ballot envelopes respondent Jack M. Martins sought to be opened should be opened as well.

*John Ciampoli, County Attorney*, Mineola, for Nassau County Board of Elections, respondent.

### OPINION OF THE COURT

Per Curiam.

Under the Election Reform and Modernization Act of 2005 (L 2005, ch 181), adopted in order to implement New York's new regime of voting by the use of electronic scanning machines, mandated by the federal Help America Vote Act of 2002 (42 USC § 15481), voters scan marked electronic ballots into a ballot scanner and wait for notice that the ballot has been received. In addition, in order to ensure that verifiable results are maintained, the ballot machines are required to retain the paper ballots or produce a voter verified permanent paper record which must be preserved to allow for a manual audit (*see* Election Law § 7-202 [1] [j]).

The machine count of votes for the office of State Senator in the Seventh Senatorial District showed the Republican candidate, Jack M. Martins, leading the Democratic candidate, Craig M. Johnson, by 415 votes—a margin of 0.5% out of the approximately 85,000 votes. Pursuant to Election Law § 9-211, the Board of Elections conducted a mandatory audit of 3% of the County's voting machines (including 7 of the 249 machines in the Seventh Senatorial District).

The results of the audit revealed some discrepancies. As found by the trial court herein, there were three types of errors: (1) one machine reflected more ballots than were in the ballot box (neither the trial court nor the parties suggested that this affected the margin separating the candidates); (2) two machines reflected less ballots than were in the ballot box (one machine had two additional ballots for Johnson and one machine had one additional ballot for Johnson); and (3) one machine had an even count, but the machine counted an undervote that was not seen upon the audit, resulting in one additional vote for Martins. Thus, the net change resulting from the discrepancies discovered in the 3% audit was two votes in Johnson's favor. There is no evidence that these discrepancies were the result of any misconduct.

In these proceedings, commenced in part seeking to obtain a manual audit of the district-wide election results under Election Law § 16-113, Johnson and the Chair of the Nassau County Democratic Committee claim that the audit demonstrated an error rate of 0.12%, in excess of the 0.1% discrepancy rate in the regulations implementing Election Law § 9-211.* Therefore, Johnson argues that a manual audit of all ballots was required.

Supreme Court found that the discrepancies, when projected to a full audit (9 NYCRR 6210.18 [h]), would not affect the outcome of the election and denied the request for a manual audit of all ballots. The court certified Martins as the winner of the race by a margin of 451 votes. (30 Misc 3d at 844 [2010].) The Appellate Division upheld this

---

* As relevant here, the regulation provides that
  "an expanded audit will be required if . . .
  "[a]ny one or more discrepancies between the confirming manual counts . . . and the original machine or system electronic counts, which taken together, would alter the vote share of any candidate . . . by one tenth of one percent (0.1%) or more of the hand counted votes for respective contests" (9 NYCRR 6210.18 [e] [1] [i]).

aspect of the determination, finding no improvident exercise of discretion under Election Law § 16-113—the statute which sets forth the circumstances under which Supreme Court "may direct a manual audit of the voter verifiable audit records." (*See* 79 AD3d 913, 918 [2010].) The Appellate Division granted "the aggrieved parties" leave to appeal to this Court and certified a question for our review: "[w]as the decision and order of this Court properly made?" (79 AD3d at 922.)

We agree with the Appellate Division that the statute grants Supreme Court discretionary authority to order a manual audit. In order for a denial of a manual audit under either subdivision of Election Law § 16-113 to be deemed an abuse of discretion as a matter of law, the record must demonstrate the existence of a material discrepancy likely to impact upon the result of the election, or flagrant irregularities in the election process. The regulations recognize that some level of discrepancy is inevitable. That mere fact begs the question as to the degree of the discrepancy requiring a manual audit. The statute allows Supreme Court to direct a manual audit where the evidence shows a discrepancy indicating "a substantial possibility" that the result of the election could change (*see* Election Law § 16-113 [2]). There is no such legal error where, as here, the discrepancy rate is significantly below the margin of victory, such that there is no substantial likelihood that the result of the election would be altered by the conduct of a full manual audit. Moreover, there is no evidence that the discrepancies arose from any flagrant irregularity in the election process. Therefore, on this record, this Court is without the power to disturb the discretionary determination below.

Inasmuch as a recount is not required by law, and as the approximately 70 individual ballots otherwise being contested could not have an actual impact on the election result, we decline to review the parties' remaining contentions on these cross appeals, as their arguments pertaining to these ballots are academic.

Accordingly, the order of the Appellate Division, insofar as it denied the portion of the petitions seeking a manual audit, should be affirmed, without costs. The certified question should not be answered upon the ground that it is unnecessary.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur in per curiam opinion; Judge READ taking no part.

Order, insofar as it denied the portion of the petitions seeking a manual audit, affirmed, etc.