■ In the Matter of HAKEEM JEFFRIES, as Parent and Guardian of JEREMIAH JEFFRIES and Another, Infants, et al., Appellants, v DAVID M. STEINER, as Commissioner of Education, et al., Respondents. (And Another Related Proceeding.) [924 NYS2d 862]—Malone Jr., J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered January 6, 2011 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education finding Cathleen Black qualified to receive a school district leader certificate.

In December 2010, petitioners commenced this proceeding seeking to annul a determination of respondent Commissioner of Education that Cathleen Black was an "exceptionally qualified person[ ]" (Education Law § 3003 [3]; *see* 8 NYCRR 80-3.10 [b] [3]) eligible to receive a superintendent's certificate—also known as a school district leader certificate—which she needed to serve as Chancellor of the New York City Public Schools (*see* Education Law § 3003 [1]). Supreme Court dismissed the petition and petitioners appeal.

Given that Cathleen Black resigned from her position as Chancellor in April 2011, this proceeding no longer involves a determination of "the rights of persons which are actually controverted in a particular case pending before [any] tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]).* Therefore, this proceeding must be dismissed as moot. Because we are not persuaded that the issue presented in this appeal has a sufficient likelihood of repetition and is a phenomenon typically evading review (*see id.* at 714-715), we do not agree with petitioners that the exception to the mootness doctrine applies.

Rose, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* This Court may take judicial notice of matters of public record (*see e.g. Matter of Siwek v Mahoney*, 39 NY2d 159, 163 n 2 [1976]).