OPINION OF THE COURT
Robert J. Chauvin, J.
By order to show cause dated and filed November 15, 2013, *499 the petitioner commenced the instant special proceeding, pursuant to Election Law §§ 16-101, 16-106, 16-112, 16-113 and 16-116, seeking various forms of relief, most specifically, an order determining the validity of contested absentee ballots cast and submitted in a recent town election within Saratoga County. In support of such proceeding the petitioner submitted the verified petition of Cynthia Young, one of the candidates within such election, which was verified November 14, 2013, by her attorney, Kathleen O’Keefe, Esq.
The return date upon such order to show cause was set for November 20, 2013. On that day all parties appeared before the court. At that time the court heard oral argument and received into evidence, upon stipulation of the parties, two absentee ballots cast and/or received within the relevant election. It is further noted that the service or submission of any further pleadings, and specifically any written answer on behalf of respondents, was expressly waived by the petitioner and respondents. In fact, based upon the oral argument presented to the court, it now appears as if all parties hereto seek the relief requested within the petition, namely a determination of the validity of the remaining contested absentee ballots, and no other or further determination by the court pertaining to the relief requested in the petition.
The instant proceeding essentially requests that the court determine the validity of two ballots cast in the 2013 Town of Malta general election for town supervisor. The petitioner, Young, as well as the respondents, Sausville and Klotz, were candidates in such election. Following the canvassing of votes within such election, including the canvassing of the absentee ballots cast and/or submitted therein, the petitioner, Young, and the respondent, Sausville, were separated by four votes, with 23 contested absentee ballots remaining to be opened.
Based upon the remaining objections to such ballots the petitioner, by way of order to show cause, commenced the proceeding herein, seeking a determination, among other things, of the validity of those contested ballots. Following the commencement of this proceeding, and upon stipulation of the parties, the 23 contested ballots were opened and the objections to 21 of the ballots were withdrawn by the candidates. It was represented to the court that at that point the petitioner, Young, and the respondent, Sausville, were separated by one vote. The remaining two absentee ballots, both of which were cast for petitioner, Young, have been objected to and/or contested, and *500 both parties seek a determination as to the validity of such ballots.
As set forth above, upon stipulation of the parties, each ballot has been received in evidence, marked as petitioner’s exhibits 1 and 2. The issue concerns markings upon each ballot, in the area on the back of the ballot concerning the several proposals before the voters, and the parties disagree on whether such markings invalidate the entire ballot. Petitioner, Young, contends that the markings upon the ballots are inadvertent markings or sufficiently isolated to the voter box for the respective proposal which does not affect the validity of the vote for the candidate of supervisor upon such ballots. Respondent, Sausville, submits that the markings on each ballot consist of specific words and/or other intentionally placed identifying and/or distinguishing handwritten markings and, as such, the entire ballot is void.
Specifically, on the ballot marked as petitioner’s exhibit 1, on the reverse side of the candidate portion of the ballot, in the voting box concerning “Proposal Number Four, An Amendment,” there is a crossed out check mark in the “yes” box, with the handwritten words “no vote” and what appear to be initials below the “yes” box. Petitioner’s exhibit 2, again on the reverse side of the ballot in the voting box concerning “Proposal Number Five, An Amendment,” contains a handwritten line through both the “yes” and “no” boxes with the handwritten words “No Vote” written alongside.
Election Law § 9-112 (1) (d) sets forth, in pertinent part, that the entire ballot is void if the voter “makes any mark thereon other than a cross X mark or a check V mark in a voting square . . . except that an erasure or a mark other than a valid mark made in a voting square shall not make the ballot void.” Further such language is expressly set forth on the instructions that accompany the absentee ballots.
However it has expressly been held that the exception concerning an erasure or mark other than a valid mark made in a voting square does not include written words intentionally made by the voter (Matter of Scanlon v Savago, 160 AD2d 1162 [3d Dept 1990]; Matter of Franke v McNab, 73 AD2d 679 [2d Dept 1979]). In fact based upon Scanlon, it has specifically been held that where the challenged marks on a ballot are written words, deliberately placed on the ballot by the voter, the entire ballot is void (Matter of Johnson v Martins, 79 AD3d 913 [2d Dept 2010], affd 15 NY3d 584 [2010]; see also Matter of Mon *501 dello v Nassau County Bd. of Elections, 6 AD3d 18 [2d Dept 2004]; Matter of Kolb v Casella, 270 AD2d 964 [4th Dept 2000], lv denied 94 NY2d 764 [2000]). The rationale being that such may serve to distinguish or identify such vote from others cast (Matter of Pavlic v Haley, 40 Misc 2d 975 [Sup Ct, Schenectady County 1963], aff'd 20 AD2d 592 [1963], aff'd 13 NY2d 1111 [1964]; see 50 NY Jur 2d, Elections § 575 at 353 [1985 ed]).
In the present case the markings upon both ballots that are objected to clearly contain handwritten words deliberately placed upon the ballots by the voters, not inadvertent marks or erasures. In both cases, above and beyond any other improper or inadvertent markings within the voting box, both ballots contain the words “no vote” and, on exhibit 1, apparently a person’s initials. Although the court does not find such handwritten language to be particularly susceptible of identification, such markings clearly are words and not just inadvertent or improper erasures or marks.
As concerns any dual argument presented on behalf of petitioner concerning equal protection of the law, the court considers such to contest the constitutionality of the procedures set forth for the casting of an absentee ballot pursuant to the Election Law and, as such, the argument is not properly before this court in the present proceeding. Further the court finds no standing on the part of the petitioner, in this proceeding, to present such an argument.
As such the court is constrained to rule that both ballots are void in their entirety. In doing so the court again notes that the decision herein effectively disenfranchises the right of the two individual voters to cast a ballot, and the court recognizes the serious and significant impact of this decision, not so much upon the parties to this proceeding, but rather upon the two individual voters. In this regard the court is very cognizant of its obligation to protect such individual rights, but also cognizant of and constrained by its further obligation to apply the law, as it stands, to the facts of this matter.
In accordance therewith, it is determined that the two remaining absentee ballots, petitioner’s exhibits 1 and 2, are declared to be invalid and/or void and, as such, the commissioners of election are directed to proceed to certify the winner of said election in accordance with this determination.