Per Curiam.
Appeal from a judgment of the Supreme Court (Chauvin, J.), entered November 22, 2013 in Saratoga County, which dismissed petitioner’s application, in a proceeding pursuant to Election Law article 16, to direct that certain ballots be cast and canvassed in the November 5, 2013 general election for the office of Town Supervisor of the Town of Malta.
Petitioner, respondent Paul S. Sausville and respondent Peter S. Klotz Sr. were all candidates in the November 5, 2013 general election for the office of Town Supervisor in the Town of Malta in Saratoga County. Following the election and a canvass of the votes by the Saratoga County Board of Elections, petitioner and Sausville were separated by four votes, with 23 contested ballots remaining to be opened. Petitioner then commenced this proceeding, pursuant to Election Law article 16, seeking to, among other things, determine the validity of the unopened ballots. Thereafter, the 23 contested ballots were opened and objections to 21 of the ballots were withdrawn by the candidates, apparently leaving Sausville with a one-vote lead over petitioner. Supreme Court then determined that the two remaining absentee ballots — both of which appeared to have been cast for petitioner — were void due to extraneous markings on the ballots and the matter was remitted to the Board to certify the winner of the election in accordance with that determination. Petitioner now appeals.
We affirm. Pursuant to Election Law § 9-112 (1), “[t]he whole ballot is void if the voter ...(d) makes any mark thereon other than a cross X mark or a check V mark in a voting square, or filling in the voting square, or (e) writes, other than in the *1139 space provided, a name for the purpose of voting.” While “ ‘inadvertent marks on a ballot do not render a ballot void in whole or in part[,]’ extraneous marks that could serve to distinguish the ballot or identify the voter” render the entire ballot invalid (Matter of Brilliant v Gamache, 25 AD3d 605, 606-607 [2006], lv denied 6 NY3d 783 [2006], quoting Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d 18, 24 [2004]). Thus, where the challenged marks on a ballot constitute written words, deliberately placed on the ballot by the voter, the entire ballot is rendered void because those markings “could distinguish the ballot from others cast and consequently mark the ballot for identification” (Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 25; see Matter of Johnson v Martins, 79 AD3d 913, 921-922 [2010], affd 15 NY3d 584 [2010]; Matter of Scanlon v Savago, 160 AD2d 1162, 1162-1163 [1990]).
Here, on the absentee ballot marked exhibit No. 1, in the box for “Proposal Number Four,” the apparent “Yes” vote was crossed out and the words “No vote” were written below the box, along with letters that appear to be initials. Similarly, on the absentee ballot marked exhibit No. 2, in the box for “Proposal Number Five,” there is a horizontal line drawn through both the “Yes” and “No” boxes with the words “NO VOTE” handwritten next to the boxes. Thus, as Supreme Court correctly determined, the “written words deliberately placed on the ballot by the voter[s] render[ ] the entire ballot[s] invalid” (Matter of Scanlon v Savago, 160 AD2d at 1163; see Matter of Johnson v Martins, 79 AD3d at 922; Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 25; Matter of Franke v McNab, 73 AD2d 679, 680 [1979]; see also Matter of Pavlic v Haley, 13 NY2d 1111, 1112-1113 [1964]).*
Finally, even assuming, without deciding, that petitioner has standing to press an equal protection claim on behalf of the voters whose ballots were voided (see Thrun v Cuomo, 113 AD3d 1038, 1039-1040 [2013]), she has failed to proffer any evidence that their absentee ballots were treated differently than their ballots would have been had the voters cast them at the polls on election day. We have considered the parties’ remaining contentions and find them to be unpersuasive.
*1140 Rose, J.R, Lahtinen, Stein and. Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Acknowledging that the statute represents a balancing between the security of the vote and the possible disenfranchisement of voters, petitioner invites this Court to revisit the bright line rule declared in Matter of Scanlon v Savago (supra) in favor of securing against disenfranchisement. However, the language of the statute itself constrains us from doing so, particularly in light of the Legislature’s failure to address this issue despite amendment of the applicable statute as recently as this year (see e.g. L 2013, ch 334, § 7).