In the Matter of ANDREW Y. STEWART, Respondent-Appellant, v ROCKLAND COUNTY BOARD OF ELECTIONS, Respondent, and WALTER J. WETTJE, JR., Appellant-Respondent. [979 NYS2d 598]—

In a proceeding pursuant to Election Law article 16, inter alia, to preserve for judicial review certain absentee ballots cast in a general election for the public office of Supervisor of the Town of Orangetown held on November 5, 2013, and to contest the casting and canvassing of those ballots or the refusal to cast and canvass those ballots, Walter J. Wettje, Jr., appeals, as limited by his brief, from stated portions of a final order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated December 9, 2013, which, after a hearing, inter alia, granted that branch of the petition which was to prohibit the casting and canvassing of the absentee ballots designated as exhibits 2 and 3, and the petitioner cross-appeals, as limited by his brief, from so much of the same final order as denied that branch of the petition which was to prohibit the casting and canvassing of the absentee ballots designated as exhibits 5, 6, and 18.

Ordered that the final order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly determined that the absentee ballots designated as exhibits 2 and 3 should not be cast and canvassed, since the signatures on the envelopes in which those absentee ballots were submitted did not correspond to the signatures on the voters' registration poll records (see Election Law §§ 8-506 [1]; 9-209 [2] [a] [i] [C]; Matter of Johnson v Martins, 79 AD3d 913, 920-921 [2010], affd 15 NY3d 584 [2010]; Matter of Kolb v Casella, 270 AD2d 964 [2000]).

In addition, the Supreme Court properly determined that the absentee ballot designated as exhibit 5 should be cast and canvassed, as the absentee voter's use of his initials in lieu of his full signature on that absentee ballot envelope satisfied Election Law § 8-410 (see Election Law § 8-400 [6]). The Supreme Court also properly determined that the absentee ballot designated as exhibit 6 should be cast and canvassed, as the signature on the envelope in which that absentee ballot was submitted corresponded to the signature on the registration poll records (see Election Law § 8-506 [1]).

Contrary to the petitioner's contention, the absentee ballot applications for 41 absentee ballots, collectively designated as exhibit 18, substantially complied with Election Law § 8-400 (3) (c) (*see* Election Law § 8-400 [10]).

The remaining contention of Walter J. Wettje, Jr., is not properly before this Court. Skelos, J.P., Balkin, Hall and Austin, JJ., concur.