Per Curiam.
 

 Appeal from an order of the Supreme Court (Powers, J.), entered December 11, 2017 in Clinton County, which, among other things, dismissed petitioner’s application, in proceeding No. 2 pursuant to Election Law article 16, to direct that certain ballots be invalidated in the November 7, 2017 general election for the public office of Town Supervisor of the Town of Beekmantown.
 

 Samuel R. Dyer and Norman A. Davis were both candidates for the public office of Town Supervisor of the Town of Beekmantown for the general election held on November 7, 2017. Dyer ran on the Democratic and Conservative Party lines, while Davis ran on the Republican and Independence Party lines. The Clinton County Board of Elections informed the candidates that the Board’s canvass of paper ballots would begin on November 15, 2017. That canvass unofficially resulted in Dyer leading Davis by one vote. Then, respondent Gregory B. Campbell, the Republican Commissioner of the Board, reversed his previous ruling as to one particular absentee ballot (hereinafter ballot A). The Board had previously invalidated ballot A due to an overvote, but Campbell now determined that ballot A was a valid vote for Davis.
 

 Dyer commenced proceeding No. 1 seeking to invalidate ballot A as to the relevant office.
 
 [1]
 
 Davis answered and commenced proceeding No. 2, arguing that ballot A was validly cast for him and seeking a judicial determination that two other absentee ballots (hereinafter ballot B and ballot C), which the Board had determined were valid votes for Dyer, were entirely invalid. Supreme Court granted Dyer’s application, finding that ballot A had an overvote for the relevant office, and dismissed Davis’ application, finding that Davis’ challenges to ballot B and ballot C were untimely.
 
 [2]
 
 Davis now appeals, and we affirm.
 

 Initially, Supreme Court properly granted Dyer’s application in proceeding No. 1 and determined that ballot A should not be counted for the relevant office. Pursuant to Election Law § 9-112 (6), “[i]f the voter marks more names than there are persons to be elected or nominated for an office, . . . or if for any reason it is impossible to determine the voter’s choice of a candidate or candidates for an office . . . , his or her vote shall not be counted for such office or position.” On ballot A, the voting oval for Davis on the Republican Party line is entirely filled in and contains what appears to be a check mark that extends above and below the oval. The voting oval for Dyer on the Conservative Party line contains what appears to be a check mark. As to the remainder of the ballot, the voter generally filled in a voting oval to indicate his or her vote but used a check mark to indicate one other vote. Considering the foregoing, Supreme Court properly found that ballot A could not be counted for the relevant office both because it is impossible to determine the voter’s choice and the “voter markfed] more names than there are persons to be elected or nominated for [the] office” (Election Law § 9-112 [6]; see Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d 18, 25 [2004]; Matter of Rowe, 192 App Div 4, 4 [1920]; see generally Matter of Carney v Davignon, 289 AD2d 1096, 1096 [2001]).
 

 Next, we find that Supreme Court properly dismissed Davis’ application in proceeding No. 2, although for a different reason than found by that court. Davis contends that ballot B and ballot C are both entirely invalid due to marks that could distinguish the ballots and/or identify the voters (see generally Matter of Young v Fruci, 112 AD3d 1138, 1138-1139 [2013], lv denied 22 NY3d 1037 [2013]). However, a review of the record does not show that Davis ever objected during the canvass to the Board’s determination that both ballots are valid votes for Dyer (compare Matter of Alessio v Carey, 10 NY3d 751, 753 [2008]; Matter of Boudreau v Catanise, 291 AD2d 838, 839 [2002]). Accordingly, Davis’ petition is subject to dismissal because he failed to preserve his right to seek judicial review of the ballots that he now challenges (see Election Law § 9-114 [1]; Matter of Gross v Albany County Bd. of Elections, 3 NY3d 251, 257 [2004]; see generally Election Law § 9-209; Matter of Boudreau v Catanise, 291 AD2d at 839). The remaining arguments are either rendered academic by this determination or are without merit.
 

 McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . Dyer and Davis agree that when there is a disagreement among the Commissioners as to the validity of a vote or ballot, the proper procedure for the party that opposes counting the ballot or vote is to initiate a special proceeding in Supreme Court, which Dyer did here.
 

 [2]
 

 . Although not in the record on appeal, we take judicial notice of the public record (see Matter of Jeffries v Steiner, 85 AD3d 1431, 1431 n [2011])— here, the Clinton County Board of Elections website—clarifying that the Board’s official results, after Supreme Court’s determination and as of December 8, 2017, show Dyer having received 706 votes and Davis having received 705 votes.