Matter of Toles v Radle (2019 NY Slip Op 04311)





Matter of Toles v Radle


2019 NY Slip Op 04311


Decided on May 30, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


740.1 CAE 19-01006

[*1]IN THE MATTER OF JORDAN D. TOLES, PETITIONER-RESPONDENT,
v
BERNICE M. RADLE, RESPONDENT-APPELLANT, AND ERIE COUNTY BOARD OF ELECTIONS, RESPONDENT-RESPONDENT. 






HOUSH LAW OFFICES, PLLC, BUFFALO (FRANK T. HOUSH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
VANDETTE PENBERTHY, LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PETITIONER-RESPONDENT.
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 2, 2019 in a proceeding pursuant to Election Law article 16. The order upheld the determination of respondent Erie County Board of Elections and adjudged that respondent candidate Bernice M. Radle will not appear on the primary election ballot for the Democratic Party as a candidate for the City of Buffalo Common Council. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate a designating petition to place Bernice M. Radle (respondent) on the primary election ballot for the Democratic Party as a candidate for the City of Buffalo Common Council. While the proceeding was pending, respondent Erie County Board of Elections (Board) determined that the designating petition was invalid. In a subsequent attorney affirmation in the proceeding commenced by petitioner, respondent contended that the Board exceeded its ministerial authority in invalidating the designating petition, and requested that Supreme Court validate it. Supreme Court declined to validate the designating petition, and respondent appeals.
Inasmuch as respondent did not bring a petition to validate her designating petition, the court "acted properly in not validating signatures which had been declared invalid by the Board" (Matter of Rodriguez v Nieves , 242 AD2d 350, 350 [2d Dept 1997]; see Matter of Krueger v Richards , 59 NY2d 680, 682-683 [1983]).
Respondent's remaining contention concerning allegations of fraud is not properly before us. The court made no determination of fraud against her, and she is therefore not an aggrieved party with respect to that issue (see generally CPLR 5501, 5511; Matter of Carney v Davignon , 289 AD2d 1096, 1097 [4th Dept 2001]).
Entered: May 30, 2019
Mark W. Bennett
Clerk of the Court